DECISION AND JUDGMENT ENTRY
{¶ 1} Darryl Smith, an inmate at the Mansfield Correctional Institution, appeals the Scioto County Court of Common Pleas decision to vacate a default judgment granted in his favor and judgment dismissing his lawsuit pursuant to Civ.R. 12(B)(6). Smith claims the trial court erred in granting relief from the judgment and dismissing the case because it relied on inadmissible evidence and perjured affidavits. In addition, he claims the trial court improperly relied on appellees' claims and defenses in vacating the default judgment, and on evidence outside the complaint when dismissing the case. Because we find that the trial court did not abuse its discretion in vacating the default judgment, we affirm that decision. We also find the trial court did not err by dismissing the case because, based on the facts Smith alleged in the complaint, the statute of limitations had expired. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} On March 21, 2002, Smith filed a complaint in the Scioto County Court of Common Pleas against Melody Asbell, Myrtle Skaggs, Phillip Young, Scott Young, and Robin Tiffany.[2] All defendants received service of process, except Scott Young. The defendants failed to appear before the trial court or to respond to Smith's complaint. As a result, the trial court granted Smith a default judgment on August 21, 2002.
 {¶ 3} In his complaint, Smith averred that he lived with Melody from April 1991 until November 15, 1991when he was incarcerated for a parole violation. At the time of his incarceration, Smith averred that he asked Melody to deliver his personal property to his son in Cleveland, Ohio. According to the complaint, communications between Smith and Melody ceased in 1992.
 {¶ 4} In 2000, Smith and Patrick Skaggs were both inmates at the Southern Ohio Correctional Facility in Lucasville, Ohio. Patrick is Melody's brother and Myrtle's son. Smith's complaint alleged that Patrick informed him in 2000 that the appellees sold Smith's personal property and retained the profits. According to the complaint, the defendant's burned the items they could not sell. Smith sought $11,061.25 in actual damages and $25,000 in punitive damages.
 {¶ 5} Smith attached an affidavit signed by Patrick to his complaint. In this affidavit, Patrick attested that, in 1999, Melody and Myrtle informed him that they, along with Scott, Phillip, and Robin, sold and destroyed Smith's property. Patrick did not state when the sale and destruction of Smith's property occurred. Patrick also attested that in 2000, he informed Smith of the destruction and liquidation of his property and that Smith appeared genuinely shocked to learn that Melody did not deliver his personal property to his son in accordance with his instructions at the time of his incarceration. Finally, Patrick's affidavit stated that Melody sent him letters, wherein she threatened Patrick and Smith.
 {¶ 6} On the basis of the averments in the complaint and Patrick's affidavit, Smith claimed that he timely filed his complaint, and that he was entitled to relief. According to Smith, the statute of limitations for his cause of action is two years, but the two years did not begin to run until Patrick informed Smith of the damage.
 {¶ 7} On April 16, 2002, Patrick filed a new, unnotarized affidavit, which he intended to supercede his original affidavit. In his new affidavit, Patrick explicitly recanted his original affidavit. He stated that Smith forced him to sign the original affidavit. Patrick also claimed that Smith routinely threatened and coerced inmates through his "knowledge of the legal process of the courts [and] the laws * * *." According to Patrick, Smith "* * * has a habit of submitting injunctions, friend of the courts testimonials [and] other legal papers that are intended to cause the inmates trouble * * *." He also stated that Smith threatened to have Patrick's original sentence reinstated if he did not aid Smith by signing the affidavit. Patrick requested that the trial court maintain his new affidavit in secrecy for fear of reprisal from Smith.
 {¶ 8} Melody and Myrtle first appeared before the trial court on October 23, 2002, when they filed a motion for relief from the default judgment pursuant to Civ.R. 60(B). Then, on November 27, 2002, Melody and Myrtle filed a motion to dismiss the case pursuant to Civ.R. 12(B).
 {¶ 9} In their Civ.R. 60(B) motion, Melody and Myrtle claimed that they were entitled to relief from the judgment due to excusable neglect. Specifically, they claimed that they were not aware that legal aid was available to them, and that they could not otherwise afford to retain legal counsel. In further support of their motion for relief, Melody and Myrtle argued that they had a meritorious defense if relief was granted based on the applicable statute of limitations. They asserted that the statute of limitations began to run when Smith discovered the identity of the wrongdoer, rather than when he discovered the damage itself. They claimed that Smith knew of the possible loss of his property and the identity of the wrongdoers by 1992, and thus, his claim had expired.
 {¶ 10} In their Civ.R. 12(B) motion, Melody and Myrtle argued that the trial court should dismiss the case because Smith filed it after the expiration of the statute of limitations. In his complaint, Smith argued that Ohio law provided a two-year statute of limitations. Melody and Myrtle claimed that Smith actually benefited from a four-year statute of limitations under Ohio law, but that the statute began to run when Smith learned of the identity of the wrongdoers. Melody and Myrtle argued that because Smith was aware of the appellees' identities in 1991, and aware of the damage to his property by at least 1992, the statute of limitations expired in 1996.
 {¶ 11} Robin and Phillip first appeared before the trial court through counsel on September 2, 2002. At that time, they requested, and the court granted, a continuance. Robin and Phillip then filed a motion to vacate the default judgment on October 28, 2002. On July 28, 2003, Robin and Phillip filed a motion to dismiss.
 {¶ 12} In their motion to vacate, Robin and Phillip claimed that the trial court should grant relief from the judgment on the basis that Smith engaged in fraud and misconduct in drafting his complaint and in submitting a false and coerced affidavit to the court. Robin and Phillip also argued that they enjoyed two meritorious defenses. First, Robin and Phillip submitted affidavits claiming that they never "* * * destroyed, sold, liquidated, kept, [gave] away or profited from the sale of any of [Smith's] property * * *." Second, they argued that the statute of limitations expired before Smith filed his complaint.
 {¶ 13} In support of their claimed defenses, Robin and Phillip submitted a letter from Smith to Patrick. In the letter, Smith wrote that he needed Patrick's affidavit to "* * * beat the * * * statute of limitations" and promised Patrick a financial reward for his affidavit. Robin and Phillip also referred to language in Smith's complaint that appeared to contradict his claim that he only learned of the damage to his personal property in 2000. For example, the complaint stated: "shortly after my re-imprisonment I ordered/instructed Melody Asbell to turn over all of my property and valuables * * * to my son * * * in Cleveland, Ohio. Defendant Asbell refused and kept my property without my consent." Robin and Phillip argued that this statement proved Smith was aware that Melody failed to deliver his property per his instructions in either late 1991 or 1992, thus directly refuting his assertion that he only learned of the damage in 2000.
 {¶ 14} In their motion to dismiss, Robin and Phillip, like Melody and Myrtle, argued that the trial court should dismiss the case because Smith brought it after the statute of limitations had expired. They argued that Smith incorrectly assumed a two-year statute of limitations when he actually benefited from a four-year period. They asserted that Smith's complaint, while not explicitly naming his cause of action, most likely involved an action for conversion of personal property. Robin and Phillip claim that, under R.C. 2305.09(B), a four-year statute of limitations applied to Smith's cause of action. As proof that the statutory period expired, Robin and Phillip referenced language in Smith's complaint and cited the letter from Smith to Patrick stating that Smith (1) needed Patrick's affidavit to avoid a statute of limitations issue and (2) offered to revise the affidavit in accordance with Patrick's wishes. Robin and Phillip also argued that Ohio law triggered the statute of limitations upon discovery of the wrongdoer, and that knowledge of the damages was imputed to Smith when he failed to make a reasonable inquiry as to the status of his personal property.
 {¶ 15} The trial court granted both motions to vacate the default judgment on July 16, 2003, based upon the trial court's belief that Smith perpetrated a fraud upon the court. On the same day, the trial court granted Melody and Myrtle's motion to dismiss Smith's complaint, finding that Smith filed it after the statute of limitations expired. Finally, on September 12, 2003, the court granted Robin and Phillip's motion to dismiss on the same basis.
 {¶ 16} Smith appeals, asserting the following assignments of error: "I. The trial court erred by granting defendants' Rule 60(B) Motions for relief from a default judgment contrary to state law and controlling precedent authorities of law. II. The trial court erred by granting the defendants' Rule 12(B) Motion to Dismiss by relying on inadmissible evidence contrary to controlling precedent authorities. III. The trial court erred by relying on inadmissible evidence of plaintiff's prior crimes, plea agreements and criminal convictions to grant defendants' Rule 60(B) and Rule 12(B) Motions which is contrary to state evidence laws and controlling precedent authorities of law. IV. The trial court erred by relying on the defendant's perjury and false affidavits to grant defendants' Rule 60(B) and Rule 12(B) Motions contrary to state laws, and controlling precedent authorities of law, and contrary to theFourteenth Amendment of the U.S. Constitution."
 II. {¶ 17} Because his first, third, and fourth assignments of error regarding the trial court's decision to grant the motions to vacate the default judgment are interrelated, we address them together. Smith contends that the trial court erred in granting the motions by considering: (1) the defendants' meritorious defenses, (2) inadmissible evidence of Smith's prior convictions, and (3) Robin and Phillip's perjured and false affidavits. Smith also asserts that Civ.R. 60(B) requires appellees provide a justification for failing to appear prior to entry of the default judgment and that appellees failed to do so.
 A. {¶ 18} A trial court's ruling on a motion to vacate a judgment is within the sound discretion of the trial court and will not be overturned absent a showing of an abuse of that discretion. Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77. An abuse of discretion signifies more than an error of law or judgment; it implies an attitude that is unreasonable, arbitrary or unconscionable. State ex rel. Hillyer v.Tuscarawas Cty. Bd. of Commrs. (1994), 70 Ohio St.3d 94, 97; State exrel. McMaster v. School Employees Retirement System (1994),69 Ohio St.3d 130, 133; Rock v. Cabral (1993), 67 Ohio St.3d 108, 112;Steiner v. Custer (1940), 137 Ohio St. 448, paragraph two of the syllabus. "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." In re Jane Doe I (1991), 57 Ohio St.3d 135, 137-138.
 {¶ 19} Civ.R. 60(B) provides that a trial court may "relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken * * *."
 {¶ 20} The Ohio Supreme Court has held that for a party to prevail under Rule 60(B) the "movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Electric, Inc. v. ARC Ind., Inc.
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If the movant seeks timely relief and has a meritorious defense, then "doubt, if any, should be resolved in the favor of the motion to set aside the judgment so that cases may be decided on their merits." Id. at paragraph three of the syllabus. For a movant to prove that a meritorious defense exists, he must allege operative facts which, "if proven, would give rise to a meritorious defense." Ohio Performance, Inc. v. Nelson (Mar. 7, 1995), Scioto App. No. 94CA2226, citing Soc. Natl. Bank v. Val Halla AthleticClub Recreation Ctr., Inc. (1989), 63 Ohio App.3d 413, 418.
 {¶ 21} Here, the trial court found that Smith perpetrated a fraud on the court through his complaint with the attached affidavit signed by Patrick. Moreover, the trial court implicitly found that appellees had a meritorious defense and timely filed for relief as required by Civ.R. 60(B).
 {¶ 22} Both Civ.R. 60(B) motions indicated that appellees relied on the statute of limitations and a general denial of the allegations in Smith's complaint as meritorious defenses. When the trial court ordered a non-oral hearing on the matter, it specifically stated that it was particularly interested in the statute of limitations question. The operative facts alleged were that Smith was aware of any damage to his property in the early 1990s and that he coerced Patrick into falsely attesting that Smith was not aware of the conversion until 2000. If proven, these facts give rise to a meritorious defense that the statute of limitations for Smith's claim expired prior to his filing the complaint. As this was the only basis for a meritorious defense, we find that the trial court did not abuse its discretion in granting the Civ.R. 60(B) motions to vacate.
 {¶ 23} Furthermore, appellees also timely filed for relief as required under Civ.R. 60(B). Because the motion was granted on the basis of Civ.R. 60(B)(3), appellees had to file within a reasonable time, but not later than one year from the date of the judgment. Angel v. Angel (Feb. 18, 1993), Scioto App. No. 92CA2071, citing Adomeit v. Baltimore (1974),29 Ohio App.2d 97, 106. The trial court granted Smith a default judgment on August 21, 2002. Robin and Phillip first appeared before the trial court less than one month after the court entered its judgment, and they filed their motion to vacate on October 28, 2002. Moreover, Melody and Myrtle appeared before the court on October 23, 2002, only two months after the default judgment.
 {¶ 24} Smith erroneously argues that the trial court erred by considering appellees' meritorious defenses in granting their Civ.R. 60(B) motions. Not only is this patently not an abuse of discretion, but these defenses or claims absolutely must exist for a trial court to grant Civ.R. 60(B) relief. See GTE at paragraph two of the syllabus.
 {¶ 25} Smith also incorrectly argues that Civ.R. 60(B) requires appellees to justify their delay between the time the complaint was filed and the time they first appeared before the trial court after it ordered a default judgment. However, Civ.R. 60(B) only requires a movant to timely file the motion for relief from the judgment. Here, the relevant time period is between August 21, 2002, when the court ordered the judgment, and the dates appellees filed their motions to vacate. The motions were filed slightly more than two months after the court rendered a default judgment. This time period is obviously within the one-year maximum provided in Civ.R. 60(B), and we cannot find that the trial court abused its discretion in granting the motions on the basis that appellees failed to timely file.
 B. {¶ 26} Smith also contends that the trial court erred in vacating the default judgment because it relied on inadmissible evidence in the form of the letter written by Smith to Patrick. Smith asserts that the letter contains details of Smith's prior violent crimes, criminal convictions, and plea bargains. According to Smith, the letter is inadmissible pursuant to Evid.R. 403, 404, 410, and 609(A) and (B).
 {¶ 27} Smith filed a motion to suppress the letter, but the trial court failed to rule on it. When a court fails to rule on a motion, we presume that the court denied it. Tate v. Adena Regional Med. Ctr., Ross App. No. 03CA2699, 2003-Ohio-7402, ¶ 16, citing Carver v. Map Corp.
(Sept. 18, 2001), Scioto App. No. 01CA2757; In re Lewis (Apr. 30, 1997), Athens App. Nos. 96CA1760 and 96CA1763.
 {¶ 28} Evid.R. 410 focuses on the admissibility of evidence of pleas, offers of pleas, and statements related to pleas in criminal cases. While Smith does acknowledge in his letter that, under a plea agreement, he served two years for a crime he committed in approximately 1979, his statement does not fall within Evid.R. 410. Evidence of a guilty plea in general is not covered by Evid.R. 410(A)(1) through (5). The rule only applies to: "(1) a plea of guilty that later was withdrawn; (2) a plea of no contest or the equivalent plea from another jurisdiction; (3) a plea of guilty in a violations bureau; (4) any statement made in the course of any proceedings under Rule 11 of the Rules of Criminal Procedure * * *; (5) any statement made in the course of plea discussions in which counsel for the prosecuting authority or for the defendant was a participant and that do not result in a plea of guilty later withdrawn." Here, Smith's statement in the letter is not in regard to a guilty plea that was later withdrawn or any of the pleas or statements made in plea discussions as covered in Evid.R. 410(A)(2) through (5). Therefore, Smith's argument is without merit.
 {¶ 29} Evid.R. 609(A)(1) states that impeachment "evidence that a witness other than the accused has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in excess of one year * * *." Smith incorrectly asserts that this rule only permits evidence of crimes punishable by death for impeachment purposes. Here, Smith is not an accused, but a plaintiff in a civil suit. The letter he wrote states that he served two years for his criminal conviction. Therefore, the statement is not barred pursuant to Evid.R. 609(A)(1).
 {¶ 30} Smith further argues that the statement, even if admissible under Evid.R. 609(A), is inadmissible pursuant to Evid.R. 609(B). According to his argument, evidence of a prior criminal conviction may not be used if the conviction occurred over ten years prior to the time it is used for impeachment. However, the rule actually states that "[e]vidence of a conviction * * * is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from confinement, or the termination of community control sanctions, post-release control, or probation, shock probation, parole, or shock parole imposed for that conviction, whichever is thelater date * * *." (Emphasis added) Evid.R. 609(B). Here, Smith introduced no evidence as to when he was released from confinement, whether he was placed on parole after release, and, if he was released on parole, when those parole conditions ceased. Absent such evidence, we will not assume that the trial court erred in denying the motion. See Statev. Mills (Dec. 31, 2002), Medina App. Nos. 02CA0037-M and 02CA0038-M, 2002-Ohio-7323, quoting Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199 (holding that when the record is silent on whether ten years had lapsed since a criminal conviction, the appellate court will "presume the validity of the lower court's proceedings and affirm.").
 {¶ 31} Smith also errs in his argument that the statement of his prior criminal conviction violates Evid.R. 404. Evid.R. 404 states: "Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion * * *." In this case, the letter was introduced for: (1) the statements encouraging Patrick to sign the affidavit so that Smith could avoid the statute of limitations, (2) the statements advising Patrick that Smith had altered the affidavit in accordance with Patrick's wishes, and (3) Smith's promises of financial reward to Patrick for signing the affidavit. Any reference in the letter to Smith's prior criminal conviction was merely a product of Smith's attempts to convince Patrick that he should betray his mother and sister and sign the affidavit. It was not offered as character evidence to prove that Smith acted in conformity with his prior criminal conviction. Even if it were, Evid.R. 404 specifically states that evidence admissible under Evid.R. 609 is an exception to its prohibition.
 {¶ 32} In his final argument that the letter was inadmissible, Smith contends that Evid.R. 403 provided for a mandatory exclusion of the evidence. Evid.R. 403 states: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." The admission or exclusion of relevant evidence is within the discretion of the trial court. Renfro v. Black (1990), 52 Ohio St.3d 27,34. Given the fact that the letter was never before a jury and contained highly probative information regarding the validity of an affidavit before the court, we cannot find that the trial court abused its discretion by considering the letter in its entirety. See State v.Chandler (Nov. 13, 2003), Cuyahoga App. No. 81817, 2003-Ohio-6037, citingState v. Post (1987), 32 Ohio St.3d 380, 384 (holding that when a bench trial is conducted, the law presumes the court only considers relevant, material, and competent evidence).
 C. {¶ 33} Finally, Smith argues that the trial court erred in granting the motions to vacate by relying on Robin and Phillip's affidavits. Smith claims that the affidavits were false and perjured. The basis for his claim is that both Robin and Phillip attest in their affidavits that they are neither the relatives of, nor friends with, Melody and Myrtle. As proof that such statements are false and perjured, Smith provides a court document detailing Melody's adoption of a child. The natural parents of that child are Scott Young and Melody's daughter. Scott Young is Phillip's son and Robin's brother. Smith argues that because Phillip and Melody share a common grandchild that Robin, Phillip, Melody, and Myrtle are relatives and, therefore, the affidavits contained perjured and false statements.
 {¶ 34} As stated previously, a trial court's decision to grant a Civ.R. 60(B) motion is within the sound discretion of that court. Here, we cannot find that the trial court abused its discretion if it relied on the affidavits of Robin and Phillip. The fact that Phillip and Melody share a common grandchild does not make Robin and Phillip the blood or adopted relatives of Melody and Myrtle. Moreover, no evidence in the record suggests that the trial court even relied on the affidavits. The trial court granted the Civ.R. 60(B) motion on the basis that appellees had demonstrated a meritorious defense, timely filed their motions, and had cause pursuant to Civ.R. 60(B)(3).
 {¶ 35} We find that the trial court did not abuse its discretion in finding the motions to vacate were timely filed, contained meritorious defenses, and showed fraud on the court. We also find that the trial court did not abuse its discretion in denying Smith's motion to suppress or by considering Robin and Phillip's affidavits. Accordingly, we overrule Smith's first, third, and fourth assignments of error as they pertain to the Civ.R. 60(B) motions to vacate the default judgment.
 III. {¶ 36} We now address Smith's second and fourth assignments of error as they pertain to the trial court's granting the Civ.R. 12(B)(6) motions to dismiss. Smith asserts that the trial court erred by deciding the motion based on: (1) evidence outside the complaint, (2) inadmissible evidence pursuant to Evid.R. 403, 404, 410, and 609(A) through (B), and (3) Robin and Phillip's false and perjured affidavits.
 {¶ 37} This court's review of a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(6) is de novo. Vail v. Plain DealerPublishing Co. (1995), 72 Ohio St.3d 279, 280. Accordingly, we grant no deference to the conclusion reached below.
 {¶ 38} Civ.R. 12(B)(6) permits a party to bring a pre-trial motion to dismiss a lawsuit if the plaintiff fails to state a claim upon which relief can be granted. The rule states: "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56 * * *."
 {¶ 39} The Ohio Supreme Court has held that "[i]n order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."O'Brien v. Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, paragraph two of the syllabus, citing Conley v. Gibson (1957), 355 U.S. 41,45-46. A Civ.R. 12(B)(6) motion serves only to "* * * ascertain whether the complaint alleges the elements of the claim with sufficient particularity so that reasonable notice is given to the opposing parties * * *." In re Election Contest of Democratic Primary Election Held May 4,1999 For Nomination to the Office of Clerk, Youngstown Mun. Court,87 Ohio St.3d 118, 1999-Ohio-302, at ¶ 2, quoting State ex rel. WilliamsFord Sales, Inc. v. Connor (1995), 72 Ohio St.3d 111, 113. Furthermore, "`[a] Civ.R. 12(B)(6) motion to dismiss based upon a statute of limitations should be granted only where the complaint conclusively shows on its face that the action is so barred.'" Helman v. EPL Prolong, Inc.,139 Ohio App.3d 231, 2000-Ohio-2593, at ¶ 6, quoting, Velotta v.Petronzio, Inc. (1982), 69 Ohio St.2d 376, 379. In construing a complaint upon a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. O'Brien at 245.
 {¶ 40} Here, disagreement exists as to which statute of limitation applies. In his complaint, Smith claimed a two-year statutory period, while the Civ.R. 12(B)(6) motions cited a four-year period. Smith cited no statute in favor of his contention, while appellees cited R.C.2305.09(B). We find that R.C. 2305.09(B) governs this case. See Thomasv. Columbus (1987), 39 Ohio App.3d 53, paragraph one of the syllabus (holding that "[i]n an action to recover damages for loss of personal property, as opposed to injury to personal property, the applicable statute of limitations is R.C. 2305.09 (four years) and not R.C. 2305.10
(two years).").
 {¶ 41} In general, a statute of limitations is triggered at the time a wrongful act occurs. Harris v. Liston (1999), 86 Ohio St.3d 203, 205. However, a statute of limitations may be tolled until either actual or constructive discovery of the wrong. R.C. 2305.09(B) provides: "If the action is * * * for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered." SeeHambleton v. R.G. Barry Corp. (1984), 12 Ohio St.3d 179, 181 (stating that "[i]n order to determine if this action is timely * * * this court must determine when the cause of action accrued, i.e., the time when the party discovered the wrongdoing."). The Ohio Supreme Court held that a party has the requisite constructive notice to trigger the statute of limitations if he "`* * * has knowledge of such facts as would lead a fair and prudent man, using ordinary care and thoughtfulness, to make further inquiry * * *.'" Id., quoting Schofield v. Cleveland Trust Co.
(1948), 149 Ohio St. 133, 142. If the party has such knowledge and fails to make an inquiry, "`he is chargeable with knowledge which by ordinary diligence he would have acquired.'" Hambleton at 181.
 {¶ 42} In this case, the trial court found that Smith filed his complaint after the statute of limitations expired and, therefore, dismissed the case. For the trial court to properly order dismissal, it must have found beyond doubt that Smith's complaint alleged no set of facts that, if proven true, would entitle him to recovery. See O'Brien,
supra, at paragraph two of the syllabus. We find that the trial court properly dismissed the case because Smith's complaint showed that he had knowledge of the conversion in approximately 1992 and, thus, the statute of limitations expired in approximately 1996.
 {¶ 43} Robin and Phillip's motion relied on language in Smith's complaint which casts doubt on the date Smith had knowledge of his damages, and Melody and Myrtle's motion generally stated that Smith had such knowledge by at least 1992. In his complaint, Smith states: "Upon plaintiff's re-imprisonment, he instructed defendant Asbell to turn over his said property to his son in Cleveland, Ohio. Defendant Asbell refused and retained all said property and ended all contact with plaintiff in 1992." This statement proves that Asbell refused Smith's request in 1992, immediately after his re-imprisonment, and that Smith knew of the refusal and resulting conversion. This statement is reiterated in Smith's affidavit supporting his complaint. Because the complaint shows that Smith had knowledge of the conversion in approximately 1992, the trial court properly dismissed the complaint.
 {¶ 44} Moreover, the Ohio Supreme Court has ruled that a party has the requisite constructive notice to trigger the statute of limitations if he "`* * * has knowledge of such facts as would lead a fair and prudent man, using ordinary care and thoughtfulness, to make further inquiry * * *.'" Hambleton, at 181, quoting Schofield v. Cleveland Trust Co. (1948),149 Ohio St. 133, 142. A party with such knowledge "is chargeable with knowledge which by ordinary diligence he would have acquired.'"Hambleton at 181. Smith alleges in his complaint that he requested that Asbell deliver his property to his son and that Asbell refused and terminated all contact with him in 1992. Asbell's refusal and termination of contact constituted "facts [that] would lead a fair and prudent man * * * to make further inquiry." Id. Had Smith inquired about the status of his possessions from his son or his son's mother, an act considered ordinary diligence, he would have learned of the alleged conversion. Even though Smith was imprisoned during the relevant statutory period, such an inquiry constitutes ordinary diligence as he could communicate outside the prison through letters and, possibly, telephone calls. Therefore, by 1992, Smith had the requisite constructive notice to trigger the statute of limitations, thus barring any lawsuit initiated after 1996.
 {¶ 45} We note that Robin and Phillip's motion to dismiss included evidence outside the complaint for the court to consider. One basis of their motion was that the letter from Smith to Patrick proved that the statute of limitations had run prior to Smith filing his complaint. A Civ.R. 12(B)(6) motion must be decided on the basis of the complaint itself. O'Brien at paragraph two of the syllabus; State ex rel. Boggs v.Springfield Loc. School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94, 96
(holding that if a movant relies on evidence outside the complaint, the motion must be converted into a summary judgment motion); State ex rel.Scanlon v. Deters (1989), 45 Ohio St.3d 376 (holding that the fact that the appellate court had evidence outside the complaint before it suggested that the trial court converted the Civ.R. 12(B)(6) motion into a motion for summary judgment). When outside evidence is attached to the motion and is not discarded by the court, the trial court must convert the motion into a motion for summary judgment. King v. Peoples (March 31, 1998), Ross App. No. 97CA2295, 1998 WL 191839, citing State ex rel.Boggs v. Springfield Loc. School Dist. Bd. of Edn. (1995),72 Ohio St.3d 94, 96, citing State ex rel. Hanson v. Guernsey Cty. Bd. ofCommrs. (1992), 65 Ohio St.3d 545, 548 (holding that if a movant relies on evidence outside the complaint for a Civ.R. 12(B)(6) motion to dismiss, the motion must be converted into a Civ.R. 56 motion for summary judgment). Here, the trial court failed to convert Robin and Phillip's motion to dismiss into a summary judgment motion. However, any error committed by the trial court is harmless because, even according to Smith's own allegations in his complaint, the statute of limitations had already expired when Smith filed the complaint. See Civ.R. 61.
 {¶ 46} Finally, Smith also argues that the trial court erred in granting the Civ.R. 12(B)(6) motions by relying on (1) inadmissible evidence pursuant to Evid.R. 403, 404, 410, and 609(A) through (B), and (2) Robin and Phillip's false and perjured affidavits. We addressed these issues in Part II (B)-(C) of this opinion and overrule Smith's arguments on the same bases.
 {¶ 47} In conclusion, we find that the trial court properly dismissed the case because the allegations in the complaint concede that the statute of limitations had already expired at the time the complaint was filed. Because the Smith's allegations in the complaint show that the statutory period had expired, the trial court's error for considering evidence outside the complaint is harmless. Accordingly, Smith's second and fourth assignments of error are without merit.
 IV. {¶ 48} We overrule Smith's first, third, and fourth assignments of error as they relate to Civ.R. 60(B) because the trial court did not abuse its discretion in granting appellees' motions to vacate the default judgment. We also overrule Smith's second and fourth assignments as they relate to Civ.R. 12(B)(6) because the trial court properly dismissed the case against all appellees. Accordingly, we affirm the judgment.
JUDGMENT AFFIRMED.
[2] In the complaint, Robin Tiffany was named as Robin Young. Ms. Tiffany married prior to the filing of the complaint and Smith was unaware of her name change. For purposes of discussion, we will refer to her as "Robin" throughout this opinion.