{¶ 50} While I concur with the majority regarding the analysis and conclusion reached in appellant's first and third assignments of error, I respectfully dissent with respect to appellant's second assignment of error.
 {¶ 51} There is an allegation that there was a contract vis-a-vis a handbook. Therefore, we must accept that as true and determine if a set of facts could exist which would entitle appellant to relief. Personnel manuals, as well as other written materials, oral communications, customs, and past practices, may form the basis of contractual rights. See, generally, Dax v. Meck (June 30, 1986), 12th Dist. No. CA85-05-046, 1986 Ohio App. LEXIS 7398; and Buchanan v. Dayton Metro. Hous.Auth. (Aug. 12, 1991), 2d Dist. No. 12263, 1991 Ohio App. LEXIS 3872. This writer believes that the trial court should have converted the instant matter to a motion for summary judgment to test the specific facts alleged here. Motorists Mut. Ins. Co. v. Hancock (Nov. 9, 1995), 11th Dist. No. 94-T-5109, 1995 Ohio App. LEXIS 5020, at 6. Because the trial court failed to do so, its judgment is erroneous and should be reversed. Smith v. Asbell, 4th Dist. No. 03CA2897, 2005-Ohio-2310, at ¶ 54 (Kline, J., dissenting).
 {¶ 52} For the foregoing reasons, I respectfully dissent with respect to appellant's second assignment of error. *Page 1