[Cite as *Davis v. Widman*, 184 Ohio App.3d 705, 2009-Ohio-5430.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

DAVIS,

     APPELLANT,                         CASE NO.  13-09-20

     v.

WIDMAN ET AL.,                     O P I N I O N

     APPELLEES.

**Appeal from Seneca County Common Pleas Court**
**Trial Court No. 09-CV-0197**

**Judgment Affirmed**

**Date of Decision:    October 13, 2009**

**APPEARANCES:**

     Charles R. Hall Jr.,  for appellant.

     James W. Fruth,  for appellees.

     PRESTON, Presiding Judge.

**{¶1}** Plaintiff-appellant, Jennifer Davis, appeals the judgment of the Seneca County Court of Common Pleas dismissing her complaint against defendants-appellees, Christopher and Joanne[1] Widman. For the reasons that follow, we affirm.

**{¶2}** On April 14, 2009, Davis filed a complaint that essentially alleged that the Widmans' undersized driveway-drainage tile caused flooding on her property. Davis attached several items to the complaint, including a letter, a topographical map, an affidavit, and pictures demonstrating the alleged damage. On that same day, Davis also filed a motion for a temporary restraining order asking the trial court to order (1) replacement or repair of the driveway culvert, (2) the payment of the costs of the legal action, attorney fees, and expenses related to replacing the driveway culvert, and (3) all other relief deemed equitable. The motion was accompanied by the aforementioned exhibits.

**{¶3}** On April 15, 2009, the trial court overruled Davis's motion for a temporary restraining order and set a preliminary-injunction hearing for May 18, 2009.

**{¶4}** On April 22, 2009, the Widmans filed a 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. The trial court

---

[1] Defendant-appellee's name appears as both "Joan" and "Joanne" throughout the record. We use the latter spelling, since counsel for the Widmans states that that is the correct spelling.

scheduled the motion hearing for May 18, 2009, just prior to the preliminary-injunction hearing.

{¶5} On May 19, 2009, the trial court filed its judgment entry dismissing Davis's complaint.

{¶6} On May 27, 2009, Davis filed this present appeal. Davis now appeals raising three assignments of error for our review. We have elected to address her assignments of error out of the order they appear in her brief and to combine them where appropriate.

### ASSIGNMENT OF ERROR NO. III

The trial court abused its discretion by not providing the appellant with notice that it converted the motion to dismiss to the motion for summary judgment.

### ASSIGNMENT OF ERROR NO. II

The trial court abused its discretion by granting the appellees [sic] motion to dismiss.

{¶7} In her third assignment of error, Davis argues that the trial court erred by not providing herwith notice that it was converting the motion to dismiss into a motion for summary judgment. The Widmans argue that Davis had notice that the court was converting the motion, since they agreed to the court's viewing the scene before ruling on the motion.

{¶8} In her second assignment of error, Davis argues that the trial court abused its discretion by relying upon allegations outside the face of the complaint

since it conducted a court view of the location in question. Furthermore, Davis points out that the trial court inappropriately reviewed the file when granting the motion to dismiss. The Widmans argue, however, that the complaint is barred by the four-year statute of limitations found in R.C. 2305.09, because some of the pictures Davis attached to her complaint were dated more than four years prior to the filing of the complaint.

{¶9} Although we conclude that the trial court erred when it relied upon evidence that was outside of the complaint in granting the Widmans' Civ.R. 12(B)(6) motion, we find the trial court's error harmless since Davis's complaint should have been dismissed as a matter of law. Thus, Davis has suffered no prejudice from the trial court's error, and we must affirm the trial court's judgment.

{¶10} Civ.R. 12(B) provides:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted * * *. When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

"A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378, citing *Assn. for Defense of Washington Local School Dist. v. Kiger* (1989), 42 Ohio St.3d 116, 117, 537 N.E.2d 1292. For that reason, a trial court may not rely upon evidence or allegations outside the complaint when ruling on a Civ.R. 12(B)(6) motion. *State ex rel. Fuqua v. Alexander* (1997), 79 Ohio St.3d 206, 207, 680 N.E.2d 985. To sustain a Civ.R. 12(B)(6) dismissal, "it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *LeRoy v. Allen, Yurasek, & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14, citing *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11. Additionally, the complaint's allegations must be construed as true, and any reasonable inferences must be construed in the nonmoving party's favor. Id., citing *Maitland v. Ford Motor Co.*, 103 Ohio St.3d 463, 2004-Ohio-5717, 816 N.E.2d 1061, ¶11; *Kenty v. Transamerica Premium Ins. Co.* (1995), 72 Ohio St.3d 415, 418, 650 N.E.2d 863.

{¶11} When reviewing a Civ.R. 12(B)(6) decision, this court must determine whether the complaint's allegations constitute a statement of a claim under Civ.R. 8(A). *Keenan v. Adecco Emp. Servs., Inc.*, 3d Dist. No. 1-06-10,

2006-Ohio-3633, ¶ 7. "All that the civil rules require is a short, plain statement of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it is based." *Patrick v. Wertman* (1996), 113 Ohio App.3d 713, 716, 681 N.E.2d 1385, quoting *Kelley v. E. Cleveland* (Oct. 28, 1982), 8th Dist. No. 44448. See also Civ.R. 8(A)(1). When filing a claim pursuant to Civ.R. 8(A), "[a] party is not required to 'plead the legal theory of recovery'"; furthermore, "a pleader is not bound by any particular theory of a claim but that the facts of the claim as developed by the proof establish the right to relief." *Illinois Controls, Inc. v. Langham* (1994), 70 Ohio St.3d 512, 526, 639 N.E.2d 771. Indeed, "that each element of [a] cause of action was not set forth in the complaint with crystalline specificity" does not render it fatally defective and subject to dismissal. *Border City S. & L. Assn. v. Moan* (1984), 15 Ohio St.3d 65, 66, 472 N.E.2d 350. See also, *Parks v. Parks* (Mar. 5, 1998), 3d Dist No. 1-97-60, at *2. However, "'the complaint must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'" *Fancher v. Fancher* (1982), 8 Ohio App.3d 79, 83, 455 N.E.2d 1344, quoting 5 Wright & Miller, Federal Practice & Procedure: Civil (1969), at 120-123, Section 1216.

{¶12} This court reviews de novo a trial court's decision to grant or deny a Civ.R. 12(B)(6) motion. *RMW Ventures, L.L.C. v. Stover Family Invest., L.L.C.*, 161 Ohio App.3d 819, 2005-Ohio-3226, 832 N.E.2d 118, ¶ 8, citing *Hunt v. Marksman Prod.* (1995), 101 Ohio App.3d 760, 762, 656 N.E.2d 726. This court may substitute, without deference, its judgment for that of the trial court when reviewing de novo. *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership* (1992), 78 Ohio App.3d 340, 346, 604 N.E.2d 808.

{¶13} The trial court's judgment entry granting the Civ.R. 12(B)(6) motion to dismiss provides, in its entirety:

> This matter came to be heard upon Defendant's [sic] Motion to Dismiss. The Court met with counsel in chambers and then counsel spoke with their clients. Ultimately, all agreed the Court should drive out to the location in question. The culvert is essentially a tile under the lane with depressions cut out on either end and lined with stone. It is clear, upon examination, the elevation along the lane is lower than either side. The water has nowhere to go. The corn stubble does not point one way or the other. Therefore, having reviewed the file, the law and the scene, this Court must grant the Motion to Dismiss.
>
> It is therefore, ORDERED, ADJUDGED AND DECREED that the Defendant's [sic] Motion to Dismiss is GRANTED.
>
> Costs to Plaintiff.

{¶14} Reviewing the trial court's judgment entry, it is evident that (1) the trial court never converted the motion to dismiss to a motion for summary judgment and (2) the trial court considered evidence outside the face of the complaint. With regard to the first issue, the trial court plainly stated that it was

ruling on a motion to dismiss several times in its judgment entry. For purposes of appellate review, we presume that the trial court did what it said it did. *Figel v. Figel*, 3d Dist. No. 10-08-14, 2009-Ohio-1659, ¶ 11, citing *Betz v. Timken Mercy Med. Ctr.* (1994), 96 Ohio App.3d 211, 216, 644 N.E.2d 1058. Therefore, the trial court was not required to give Davis notice that it converted the motion to dismiss into a motion for summary judgment when it never, in fact, converted the motion in the first place. For this reason, Davis's third assignment of error lacks merit.

{¶15} With regard to the second issue, the trial court stated that it considered the "file" and the "scene" when it granted the motion to dismiss. The "file" contains exhibits, including a letter, a topographical map, an affidavit from Davis, and photographs. Therefore, the trial court, according to its own statements, considered evidence outside the face of the complaint, which is inappropriate for Civ.R. 12(B)(6) purposes. *Alexander*, 79 Ohio St.3d at 207. The trial court's viewing of the scene is also problematic. The trial court made several findings of fact based upon its view of the scene; namely that "the elevation along the lane is lower than either side. The water has nowhere to go. The corn stubble does not point one way or the other." The trial court's viewing that scene and its related factual findings are clearly evidence outside the face of the complaint, which, again, is inappropriate for Civ.R. 12(B)(6) purposes. *Alexander*, 79 Ohio St.3d at 207. Therefore, we agree with Davis that the trial court erred by relying

upon evidence outside the face of the complaint when ruling on the motion to dismiss.

{¶16} That the court erred procedurally, however, is not the end of our analysis. As previously stated, we review a trial court's Civ.R. 12(B)(6) ruling de novo to determine whether the dismissal was appropriate. *RMW Ventures, L.L.C.*, 2005-Ohio-3226, at ¶ 8, citing *Hunt*, 101 Ohio App.3d at 762. Furthermore, R.C. 2309.59 provides:

> If the reviewing court determines and certifies that, in its opinion, substantial justice has been done to the party complaining as shown by the record, all alleged errors or defects occurring at the trial shall be deemed not prejudicial to the party complaining and shall be disregarded, and the final judgment or decree under review shall be affirmed * * *

See also Civ.R. 61. Similarly, "[a] judgment by the trial court which is correct, but for a different reason, will be affirmed on appeal as there is no prejudice to the appellant." *Advantage Bank v. Waldo Pub, L.L.C.*, 3d Dist. No. 9-08-67, 2009-Ohio-2816, ¶ 46. A trial court's reliance upon evidence outside the pleadings for purposes of a Civ.R. 12(B)(6) ruling constitutes harmless error when the complaint should have been dismissed as a matter of law regardless of the inappropriately considered evidence. *Shamansky v. Massachusetts Fin. Serv. Co.* (1998), 127 Ohio App.3d 400, 404, 713 N.E.2d 47 (erroneous consideration of matters outside of pleadings was harmless error since appellee had no legal duty to notify shareholders of uncashed dividend checks); *Smith v. Asbell*, 4th Dist. No.

03CA2897, 2005-Ohio-2310, ¶45, 47 (erroneous consideration of matters outside

of pleadings was harmless error since it was clear from the face of the complaint

that the claim was barred by the applicable statute of limitations).

{¶17} Davis's complaint alleged, in its entirety:

> Now comes the Plaintiff, Jennifer Davis, by and through counsel, and for her complaint against the Defendant states the following:
>
> 1. The Plaintiff resides at 553 West Township Road 132 Tiffin, Ohio.
> 2. The Plaintiff lives next to the property owned by Christopher and Joan Widman at 561 West Township Road 132, Tiffin, Ohio.
> 3. The Widmans have a driveway that runs next to her property which has a drainage tile too small to allow proper drainage which causes flooding on her property.
> 4. The natural surface water drains from across the road to behind her property to the drainage tile under the Widmans' driveway. (Exhibit B).
> 5. Lynn Eberhard from the Seneca Soil and Water Conversation District has identified the Widmans' driveway culvert is too small. (Exhibit A).
> 6. The culvert should be a twenty-four inch round tile or equivalent elliptical tile.
> 7. That the driveway has become higher as time has past as more stone was placed on the top of it.
> 8. The Plaintiff has lived at my property for seventeen years, but the flooding has been getting progressively worse until the water has backed up into my building and has nearly reached up to my home. (Exhibit C).
> 9. The Plaintiff has tried three times in the last three years to resolve this matter with the Widmans including offering to pay for the replacement of the culvert.
> 10. The Plaintiff caused to have a letter sent to Christopher Widman in a last attempt to resolve this matter without legal action on March 4, 2009.

11.      The Widmans have refused and have ignored any attempt to resolve this problem.

12.      The Plaintiff is fearful that as the spring rains come that the damage to her property will increase.

13.      The Plaintiff will suffer immediate and irreparable injury, loss of personal property and damages before Christopher and Joan Widman can be heard by the court.

Wherefore, the Court should grant a Temporary Restraining Order and Preliminary Injunction causing Christopher and Joan Widman to replace or repair the driveway culvert.  Further the Court should order the Court should order [sic] Christopher and Joan Widman to pay the costs of this action, to pay attorneys fees, to pay all expenses related to replacing or repairing the driveway culvert, and all other relief deemed equitable.

{¶18} The Widmans argue that the complaint was properly dismissed because the cause of action, if any, is barred by the four-year statute of limitations found in R.C. 2305.09.  In support of this argument, the Widmans point out that some of the photographs Davis attached to her complaint were taken more than four years prior to the filing of her complaint.  The Widmans' argument lacks merit.  A Civ.R. 12(B)(6) motion to dismiss can be granted on the basis of the applicable statute of limitations only when it is clear *from the face of the complaint* that the action is time barred. *Dibert v. Watson*, 3d Dist. No. 8-09-02, 2009-Ohio-2098, ¶ 10, citing *Archdiocese of Cincinnati*, 2006-Ohio-2625, at ¶ 10, citing *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 433 N.E.2d 147. See also *Love v. Port Clinton* (1988), 37 Ohio St.3d 98, 524 N.E.2d 166; *Vandemark v. Southland Corp.* (1988), 38 Ohio St.3d 1, 7, 525 N.E .2d 1374;

*Mills v. Whitehouse Trucking Co.* (1974), 40 Ohio St.2d 55, 320 N.E.2d 668. On the other hand, "accounts" and "written instruments" (usually contracts) that are attached to a complaint are incorporated into the complaint pursuant to Civ.R. 10(C) and (D), and the trial court may consider them for purposes of a Civ.R. 12(B)(6) motion. *Keenan,* 2006-Ohio-3633, at ¶ 8-9, citing *Slife v. Kundtz Properties, Inc.* (1974), 40 Ohio App.2d 179, 185-186, 318 N.E.2d 557; Civ.R. 10(C) and (D). Photographs are not "account[s]" or "written instruments" that are incorporated into the complaint pursuant to Civ.R. 10(C) and (D); and therefore, the Widmans' reliance upon these for dismissal is inappropriate. See, e.g., *Resch v. Roy*, 9th Dist. No. 24481, 2009-Ohio-2458 (trial court erred by relying upon attached copy of a partial e-mail, copy of document from Internet search, and an affidavit). With respect to the cause of action's accrual and the filing of the complaint, the complaint alleged that Davis has lived at the property for 17 years, but that the flooding has been getting worse over time. Davis further alleged that she had attempted to resolve this matter short of legal action within the last three years. No other dates are provided in the complaint. Under these circumstances, we cannot say that it is clear from the face of the complaint that Davis's complaint is time-barred by the applicable four-year statute of limitations. Therefore, Davis's complaint should not have been dismissed for this reason.

{¶19} That being said, Davis's complaint should have been dismissed for failure to state a claim upon which relief can be granted. Where damage to one property owner by an adjacent property owner is caused by surface (run-off) water, Ohio has adopted a reasonable-use rule. *Peters v. Angel's Path, L.L.C.*, 6th Dist. No. E-06-059, 2007-Ohio-7103, ¶ 33, citing *McGlashan v. Spade Rockledge Terrace Condo Dev. Corp.* (1980), 62 Ohio St.2d 55, 60, 402 N.E.2d 1196. The reasonable-use rule set forth by the Ohio Supreme Court provides:

> [A] possessor of land is not unqualifiedly privileged to deal with surface water as he pleases, nor absolutely prohibited from interfering with the natural flow of surface waters to the detriment of others. Each possessor is legally privileged to make a reasonable use of his land, even though the flow of surface waters is altered thereby and causes some harm to others, and the possessor incurs liability only when his harmful interference with the flow of surface water is unreasonable.

*McGlashan*, 62 Ohio St.2d 55, syllabus. The reasonableness of the interference with the natural flow of surface waters is determined by the trier of fact, guided by the rules stated in 4 Restatement on Torts 2d 108-142, Sections 822-831. Id. at 60. Generally, the property owner damaged by the interference with the natural flow of the surface water files a complaint alleging trespass or nuisance.

{¶20} "Trespass is the unlawful entry upon the property of another." *Chance v. BP Chems., Inc.* (1996), 77 Ohio St.3d 17, 24, 670 N.E.2d 985. The elements of trespass include "(1) an unauthorized intentional act, and (2) entry

upon land in the possession of another." *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 716, 622 N.E.2d 1153.

**{¶21}** "Nuisance," on the other hand, is defined as "the wrongful invasion of a legal right or interest." *Ogle v. Ohio Power Co.*, 180 Ohio App.3d 44, 2008-Ohio-7042, 903 N.E.2d 1284, ¶ 7, citing *Taylor v. Cincinnati* (1944), 143 Ohio St. 426, 432, 55 N.E.2d 724. "Wrongful invasion" encompasses the use and enjoyment of property or of personal rights and privileges. *Taylor*, 143 Ohio St. at 432. A "private nuisance" is "a nontrespassory invasion of another's interest in the private use and enjoyment of land." *Ogle*, 2008-Ohio-7042, at ¶ 7, citing *Brown*, 87 Ohio App.3d at 712. A private nuisance, unlike a public nuisance, threatens only one or a few persons. *Taylor*, 143 Ohio St. at 442, citing *McFarlane v. Niagara Falls* (1928), 247 N.Y. 340, 160 N.E.2d 391. For a private nuisance to be actionable, the invasion must be either (1) intentional and unreasonable or (2) unintentional but caused by negligent, reckless, or abnormally dangerous conduct. *Ogle*, 2008-Ohio-7042, at ¶ 7, citing *Brown*, 87 Ohio App.3d at 712-13. "If the conduct is abnormally dangerous, the court must balance the utility and benefit of the alleged nuisance against the invasion and harm caused." *Kramer v. Angel's Path, L.L.C.*, 174 Ohio App.3d 359, 2007-Ohio-7099, 882 N.E.2d 46, ¶ 17, citing *Brown*, 87 Ohio App.3d at 712-713.

**{¶22}** Private nuisances can be either absolute or qualified. "An absolute nuisance, or nuisance per se, is based on intentional conduct or an abnormally dangerous condition that cannot be maintained without injury to property, no matter what precautions are taken." *Kramer*, 2007-Ohio-7099, at ¶ 19, citing *State ex rel. R.T.G., Inc. v. State,* 98 Ohio St.3d 1, 2002-Ohio-6716, 780 N.E.2d 998, ¶ 59. See also *Metzger v. Pennsylvania, Ohio & Detroit RR. Co.* (1946), 146 Ohio St. 406, 66 N.E.2d 203. Strict liability is imposed upon an absolute-nuisance finding. *Taylor*, 143 Ohio St. at 426, paragraph two of the syllabus. "Strict liability will arise where one does or allows anything to be done 'without just cause or excuse, the necessary consequence of which interferes with or annoys another in the enjoyment of his legal rights.'" *Kramer*, 2007-Ohio-7099, at ¶ 20, citing *Taylor*, 143 Ohio St. 426, paragraph two of the syllabus. Under such circumstances, one is under a duty to confine any such hazard, and failure to do so will make one "prima facie answerable for all the damage which is the natural consequence of [the water's] escape." *Taylor*, 143 Ohio St. at 435. However, an absolute nuisance will not be found where one has been given permission or authority to operate or erect the alleged nuisance, or one has complied with applicable statutes and regulations. *Peters*, 2007-Ohio-7103, ¶ 30, citing *Taylor*, 143 Ohio St. at 435.

{¶23} In contrast, a qualified nuisance is premised upon negligence and is "essentially a tort of negligent maintenance of a condition that creates an unreasonable risk of harm." *Kramer*, 2007-Ohio-7099, at ¶ 21, citing *State ex rel. R.T.G.*, 2002-Ohio-6716, at ¶ 59. Even that which was lawful in origin may become a nuisance through " 'negligence in maintenance.' " *Taylor*, 143 Ohio St. at 442, quoting *McFarlane*, 160 N.E. 391. Since a qualified nuisance is premised upon negligence, negligence must be averred and proven in order to recover damages. *Brown*, 87 Ohio App.3d at 713, 715; *Allen Freight Lines, Inc. v. Consol. Rail Corp.* (1992), 64 Ohio St.3d 274, 276, 595 N.E.2d 855. "[T]he allegations of nuisance and negligence therefore merge, as the nuisance claims rely upon a finding of negligence." *Allen Freight Lines*, 64 Ohio St.3d at 276. "To succeed on any claim of negligence, the plaintiff must show that the defendant breached an applicable duty of care and that the breach proximately caused the plaintiff's injuries." *Safeco Ins. Co. of Am. v. White*, 122Ohio St.3d 562, 2009-Ohio-3718, 913 N.E.2d 426 ¶ 36, citing *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 10.

{¶24} In light of these causes of action and rules of law, we find that Davis's complaint should have been dismissed for failure to state a claim upon which relief could be granted. Although Davis was not required to set forth the elements of any of these causes of action, she was, nonetheless, required to state

"direct allegations on every material point necessary to sustain a recovery on any legal theory." *Fancher*, 8 Ohio App.3d at 83, 8 OBR 111, 455 N.E.2d 1344; *Moan*, 15 Ohio St.3d at 66; *Parks*, 3d Dist No. 1-97-60, at *2; Davis's complaint failed to allege facts constituting a trespass, because she failed to allege any "unauthorized intentional act(s)" taken by the Widmans. Although Davis alleged that the Widmans' drainage tile was too small, she never alleged that the Widmans installed the drainage tile, blocked the drainage tile, damaged the drainage tile, or any other possible "unauthorized intentional act(s)." The closest allegation of intentional conduct, perhaps, was alleging that "the driveway has become higher as time has past as more stone was placed on top of it." Davis, however, never alleged that the Widmans placed the stone on top of the driveway and thus failed to allege any affirmative act by the Widmans.

{¶25} With regard to a cause of action in nuisance, Davis could have potentially alleged a private qualified nuisance, or essentially a claim for negligent maintenance of the drainage pipe. Davis's complaint, though, failed to set forth facts constituting negligence. Although Davis set forth facts establishing causation and damages, she failed to allege a duty and corresponding breach, which caused the damages. Davis alleged that the drainage tile is too small but never alleged that the Widmans have a duty to replace the pipe with a larger pipe. Nor is it clear what breach Davis alleged—is it that the Widmans failed to install a

larger pipe, piled the driveway stone too high, or something else?[2]  Additionally, Davis's complaint never alleged a "wrongful invasion" that interfered with the use or enjoyment of her property. *Taylor*, 143 Ohio St. at 432.  More troubling yet, Davis's complaint failed to allege *or even imply* that the Widmans' actions were unreasonable—the applicable duty relating to a landowner's interference with surface water. *McGlashan*, 62 Ohio St.2d at 60.

{¶26} Based upon our de novo review of the face of the complaint, we conclude that Davis failed to state a claim upon which relief could be granted. Therefore, the trial court's reliance upon evidence outside of the complaint, though error, is harmless since the complaint should have been dismissed as a matter of law. *Shamansky*, 127 Ohio App.3d at 404; *Asbell*, 2005-Ohio-2310, at ¶ 45, 47.

{¶27} For the aforementioned reasons, Davis's second and third assignments of error are overruled.

ASSIGNMENT OF ERROR NO. I

The trial court abused its discretion by not granting the appellant the preliminary injunctive relief against the appellees.

{¶28} In her first assignment of error, Davis argues that the trial court abused its discretion by failing to grant her motion for a preliminary injunction. We disagree.

---

[2] For example, in her response to the Widmans' motion to dismiss, Davis alleged that the driveway culvert

**{¶29}** A party seeking a preliminary injunction must show that "(1) there is a substantial likelihood that the plaintiff will prevail on the merits, (2) the plaintiff will suffer irreparable injury if the injunction is not granted, (3) no third parties will be unjustifiably harmed if the injunction is granted, and (4) the public interest will be served by the injunction." *Procter & Gamble Co. v. Stoneham* (2000), 140 Ohio App.3d 260, 267, 747 N.E.2d 268. The right to a preliminary injunction must be proved by clear and convincing evidence. *S. Ohio Bank v. S. Ohio Sav. Assn.* (1976), 51 Ohio App.2d 67, 69, 366 N.E.2d 296. An injunction is an equitable remedy that should be used only when an adequate remedy at law is not available. *Garono v. State* (1988), 37 Ohio St.3d 171, 173, 524 N.E.2d 496. "The purpose of a preliminary injunction is to preserve the status quo of the parties pending a decision on the merits." *Dunkelman v. Cincinnati Bengals, Inc.*, 158 Ohio App.3d 604, 2004-Ohio-6425, 821 N.E.2d 198, ¶ 45.

**{¶30}** An appellate court reviews a trial court's decision to grant or deny a motion for a preliminary injunction for an abuse of discretion. *Danis Clarkco Landfill Co. v. Clark Cty. Solid Waste Mgt. Dist.* (1995), 73 Ohio St.3d 590, 653 N.E.2d 646, paragraph three of the syllabus. An abuse of discretion is more than an error in law; rather, it implies an unreasonable, arbitrary, or unconscionable

---

was either too small or blocked. Davis never alleged in her complaint that the driveway pipe was "blocked.

attitude on the part of the trial court. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

**{¶31}** Since Davis's complaint failed to state a claim upon which relief could be granted, we do not believe she demonstrated a substantial likelihood of success upon the merits; and therefore, the trial court did not abuse its discretion in denying the motion.

**{¶32}** Davis's first assignment of error is, therefore, overruled.

**{¶33}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

Judgment affirmed.

WILLAMOWSKI, J., concurs.

ROGERS, J., concurs in judgment only.