[Cite as *Kinworthy v. Kinworthy*, 2010-Ohio-4547.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

DAVID R. KINWORTHY,                    CASE NO. 1-10-23

   PLAINTIFF-APPELLANT,

 v.

RUTH A. KINWORTHY, nka LAMAN,                    **O P I N I O N**

   DEFENDANT-APPELLEE.

**Appeal from Allen County Common Pleas Court
Domestic Relations Division
Trial Court No. DR 87 02 0754**

**Judgment Affirmed**

**Date of Decision:  September 27, 2010**

**APPEARANCES:**

   *F. Stephen Chamberlain,* **for Appellant**

   *James R. Kirkland,* **for Appellee**

**PRESTON, J.**

{¶1} Plaintiff-appellant, David. R. Kinworthy (hereinafter "David"), appeals the Allen County Court of Common Pleas' judgment denying his motion to terminate or, alternatively, modify his spousal support obligation and awarding $5,250 in attorney's fees to his former wife, defendant-appellee, Ruth A. Kinworthy, n.k.a. Laman, (hereinafter "Ruth") for defending the action. For the reasons that follow, we affirm.

{¶2} On April 29, 1958, David and Ruth were married in Lima, Ohio. (July 13, 1988 JE, Doc. No. 20). On July 13, 1988, the parties were divorced by a final judgment and divorce decree. (Id.). The divorce decree provided, in pertinent part, that David maintain Ruth as an irrevocable beneficiary of his life insurance policies to the extent of $100,000 as long as he remained a common pleas judge and an alimony award existed. (Id.). Should David retire, be defeated in an election, or re-enter private practice, then he was ordered to maintain Ruth as an irrevocable beneficiary of his life insurance policies to the extent of $45,000. (Id.).

{¶3} The court further ordered that David pay Ruth $22,000 per year ($1,833/month) in alimony, subject to the continuing jurisdiction of the court. (Id.). In reaching this amount, the court noted that David was then earning an annual salary of $73,750, plus $2,200 per year for some part-time employment. (Id.). The court reserved continuing jurisdiction to modify spousal support "as to

a change in circumstances, including but not limited to [David's] retirement." (Id.).

{¶4} On April 8, 1992, Ruth filed a motion for modification of spousal support seeking a $500 per month increase because her living expenses increased and David's annual salary increased. (Doc. No. 29). On April 30, 1992, David filed an answer and counter-motion seeking an order that spousal support be modified to a fixed number of years. (Doc. No. 33). On September 18, 1992, the trial court denied both Ruth and David's motions. (JE, Doc. No. 40). Spousal support, thus, continued in the previous amount of $22,000 per year ($1,833/month).

{¶5} On November 5, 1997, David filed a second motion seeking a termination of support because Ruth had received a $134,000 inheritance. (Doc. Nos. 42-43). David also asked the court to terminate his life insurance obligation if it terminated his support obligation. (Id.). On January 12, 1998, Ruth filed a motion seeking an increase in spousal support. (Doc. No. 56). On June 5, 1998, the trial court denied Ruth's motion but granted David's motion, in part, reducing his spousal support obligation $800 per month for a total obligation of $1,033 per month ($12,396/year). (Doc. No. 76).

{¶6} On May 17, 2007, David filed a motion to terminate spousal support and terminate his life insurance obligation. (Doc. No. 86). Prior to the hearing, some discovery disputes arose, which resulted in Ruth filing a motion to compel

and request for attorney's fees. (Doc. Nos. 98, 103). On December 17, 2007, the matter proceeded to hearing. On April 8, 2008, the trial court issued its decision denying David's motion to terminate spousal support and awarding Ruth attorney's fees. (Doc. No. 112). The trial court, however, did not determine the amount of attorney's fees owed by David, but rather, set the matter for a further hearing. (Id.).

{¶7} On May 5, 2008, David filed an appeal to this Court, which was assigned appellate case no. 1-08-26. (Doc. Nos. 117, 120). However, on May 21, 2008, this Court dismissed the appeal *sua sponte* for lack of final appealable order, because the trial court did not resolve the amount of attorney's fees owed by David. (Doc. No. 121).

{¶8} On June 5, 2008, David filed a Civ.R. 54(B) motion to certify the April 8, 2008 judgment as a final order for purposes of appeal. (Doc. No. 122). On June 25, 2008, the trial court granted the motion and "* * * assign[ed] th[e] matter for further hearing as soon as practicable given the varying schedules of the Court and Counsel." (Doc. No. 123).

{¶9} On July 23, 2008, David filed a subsequent appeal to this Court, and on January 20, 2009, this Court reversed. *Kinworthy v. Kinworthy*, 3d Dist. No. 1-08-43, 2009-Ohio-187. (Doc. Nos. 124, 128). As an initial matter, we found that we lacked jurisdiction to consider David's assignment of error relative to the trial court's award of attorney's fees since the trial court's judgment entry failed to

- 4 -

specify the amount of attorney's fees owed to Ruth. Id. at ¶¶12-13. Although we rejected most of David's arguments on appeal relative to the trial court's denial of his motion to terminate or modify his spousal support obligation, we did find that the trial court's use of Plaintiff's exhibit four's $5,261.13 figure for David's retirement income was arbitrary, and thus, an abuse of its discretion. Id. Therefore, we remanded the matter to the trial court with instructions to recalculate David's retirement income "* * * to *exclude* any income monies associated with service credit purchased by David subsequent to June 1, 1988 (8.754 years) but to *include* any amortized PLOP payments received by David" in accordance with the divorce decree. Id. at ¶27 (emphasis in original).

{¶10} On May 29, 2009, David filed another motion to terminate or reduce spousal support. (Doc. No. 129). On June 5, 2009, the trial court held a hearing on the issues of David's retirement income and attorney's fees. On June 22 and 23, 2009, respectively, Ruth and David filed written closing arguments. (Doc. Nos. 130, 131).

{¶11} On August 13, 2009, the trial court ordered the parties to submit the following calculations:

> **1. The income the court should use for spousal support purposes.**
> **2. The amount of monies they claim should be excluded as "monies associated with service credit purchased by David subsequent to June 1, 1988 (8.754 years)["] and the evidence in the record that supports their position.**

**3. The amount of monies they claim the court should "*include*" as "amortized" PLOP payments received by David" and the evidence in the record that supports their position.**

(Order, Doc. No. 133). Ruth and David filed their supplemental closing arguments with calculations on September 14, 2009 and October 9, 2009, respectively. (Doc. Nos. 134, 137). Ruth filed a reply to David's supplemental closing argument on October 29, 2009. (Doc. No. 138).

**{¶12}** On January 29, 2010, the trial court issued its judgment, finding as follows:

**1. The Plaintiff's monthly retirement income is $5,981.47.**
**2. The Plaintiff has gross monthly retirement income of $6,929.86.**
**3. The Plaintiff's gross monthly retirement excludes $1,388.74, the amount of service credit purchased by the Plaintiff's subsequent to June 1, 1988.**
**4. The Plaintiff's monthly retirement income includes $440.35 representing the amortized PLOP payments he received.**
**5. The Defendant is awarded the sum of $5,250.00 as attorney fees.**

(JE, Doc. No. 139). The trial court denied David's motion to terminate spousal support and awarded judgment against David for attorney fees in the amount of $5,250. (Id.).

**{¶13}** On February 25, 2010, David filed his notice of appeal. (Doc. No. 140). David now appeals raising two assignments of error for our review. We elect to address the assignments of error out of the order they are presented in his brief.

**ASSIGNMENT OF ERROR NO. II**

**THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE PLAINTIFF IN [THE] CALCULATION OF THE PLAINTIFF'S INCOME THEREBY COMMITTING ERROR IN DENYING THE MOTION TO TERMINATE SPOUSAL SUPPORT.**

{¶14} In his second assignment of error, David argues that the trial court erred in calculating his retirement income for purposes of ruling on his motion to terminate spousal support. Specifically, David argues that the trial court failed to account for several mandatory deductions, including: Medicare reimbursement; health care deduction; and federal and state income taxes. We find no error in the trial court's calculation of David's retirement income as he argues, and thus, no error in its decision to deny the motion to terminate spousal support.

{¶15} A trial court has broad discretion in determining whether or not to modify an existing spousal support award. *Mottice v. Mottice* (1997), 118 Ohio App.3d 731, 735, 693 N.E.2d 1179; *Schultz v. Schultz* (1996), 110 Ohio App.3d 715, 724, 675 N.E.2d 55. Absent an abuse of discretion, a trial court's decision to modify or not modify a spousal support award will not be disturbed on appeal. *Bostick v. Bostick*, 3rd Dist. No. 1-02-83, 2003-Ohio-5121, ¶8, citing *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028. An abuse of discretion is more than an error in judgment; it signifies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying an abuse of discretion

standard, an appellate court may not substitute its judgment for that of the trial court. *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.

**{¶16}** The trial court, on remand, determined that David's gross retirement benefit was $6,929.86. (Jan. 29, 2010 JE, Doc. No. 139). This amount included monies associated with the 8.754 years of credit David purchased after June 1, 1988. (Apr. 11, 2008 OPERS Letter, Plaintiff's Ex. 1); (June 5, 2009 Tr. at 10). The trial court then found that the portion of David's gross retirement benefit associated with the 8.754 years of service David purchased after June 1, 1988 was $1,388.74.[1] (Apr. 11, 2008 OPERS Letter, Plaintiff's Ex. 1); (June 5, 2009 Tr. at 8-9, 11). The trial court subtracted this amount from David's gross monthly benefit amount. Then, the trial court determined that David's gross monthly retirement benefit was $440.35 less than it would have been due to the $70,224 Partial Lump Sum Option Payment (PLOP) he received. (June 5, 2009 Tr. at 15). The trial court added this amount to David's gross monthly benefit amount. As a result, the trial court calculated that David's adjusted gross monthly retirement benefit was $5,981.47 ($6,929.86 - $1,388.74 + $440.35). The trial court's computation is supported by the exhibits in the record, and furthermore, was based primarily upon David's own calculations. (Apr. 11, 2008 OPERS Letter,

---

[1] The trial court appears to have arrived at this number from David's calculations submitted in his supplemental closing arguments. (Doc. No. 137). This number is equal to the number of years of service David purchased divided by the total years of service times David's gross monthly pension benefit. (8.754/43.671 = 20.04% x $6,929.86 = $1,388.74).

Plaintiff's Ex. 1); (Supplemental Closing Argument, Doc. No. 137). Additionally, the calculations are consistent with our instruction to the trial court on remand: to recalculate David's retirement income "* * * to *exclude* any income monies associated with service credit purchased by David subsequent to June 1, 1988 (8.754 years) but to *include* any amortized PLOP payments received by David" in accordance with the divorce decree. *Kinworthy*, 2009-Ohio-187, at ¶27 (emphasis in original). David's sole complaint with the trial court's calculation is that it did not account for several mandatory deductions, including both federal and state income taxes as well as health insurance. The record indicates that the trial court was aware that its figure of $5,981.47 was before all of these deductions when it ruled on David's motion. We simply are not persuaded that the trial court's recalculation of David's income was erroneous, and neither are we persuaded that the trial court's decision to deny David's motion[2] was an abuse of its discretion.

**{¶17}** David's second assignment of error is, therefore, overruled.

**ASSIGNMENT OF ERROR NO. I**

**THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE PLAINTIFF IN FINDING THAT THE PLAINTIFF VIOLATED LOCAL RULE 20.09 OF THE ALLEN COUNTY COURT OF COMMON PLEAS AND OTHERWISE COMMITTED DISCOVERY VIOLATIONS THAT REQUIRE SANCTIONS.**

---

[2] We note that the trial court explicitly incorporated its previous findings into its new judgment entry. Thus, its decision to deny David's motion to terminate was based upon all the evidence that had been before it previously, as well as the new evidence of David's adjusted gross monthly retirement benefit determined on remand. (Jan. 29, 2010 JE, Doc. No. 139). We rejected many of David's other arguments relative to his continued spousal support obligation in the previous appeal and need not reconsider those issues again here.

{¶18} In his first assignment of error, David argues that the trial court erred by finding that he violated Local Rule 20.09 since the rule does not apply to modifications of spousal support. David also argues that the trial court was limited on remand to determining the amount of attorney fees that were a direct result of his purported discovery violations, and that the trial court erred in granting Ruth attorney fees for the costs of defending the entire action. David further argues that the trial court erred in awarding attorney's fees when Ruth failed to present evidence of a fee agreement or that she paid attorney's fees.

{¶19} R.C. 3105.73 governs the award of attorney fees and litigation expenses in domestic relations cases and provides, in pertinent part:

> **(B) In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.**
>
> **(C) * * * The court may make an award of attorney's fees and litigation expenses under this section in addition to making an award of attorney's fees and litigation expenses under any other provision of the Revised Code or of the Rules of Civil Procedure.**

Awarding attorney fees under R.C. 3105.73 is within the sound discretion of the trial court. *Hutta v. Hutta*, 177 Ohio App.3d 414, 2008-Ohio-3756, 894 N.E.2d 1282, ¶46, citing *Howell v. Howell*, 167 Ohio App.3d 431, 2006-Ohio-3038, 855

N.E.2d 533. Therefore, we review the trial court's decision for an abuse of discretion. *Hutta*, 2006-Ohio-3756, at ¶46. An abuse of discretion is more than an error in judgment; it signifies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219. When applying an abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Matthews*, 53 Ohio St.3d at 169.

{¶20} First, we must reject David's argument that the trial court was limited on remand to awarding only those attorney's fees associated with his purported discovery violations. As we stated in our previous decision, "[a]n order that grants a party attorney fees but fails to specify the amount is not a final appealable order under R.C. 2505.02." *Kinworthy*, 2009-Ohio-187, at ¶13, citing *Ft. Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. of Edn.* (1993), 87 Ohio App.3d 840, 843, 623 N.E.2d 232; *Dayton Women's Health Ctr., Inc. v. Enix* (1993), 86 Ohio App.3d 777, 780, 621 N.E.2d 1262. As such, the trial court's prior order granting attorney's fees was interlocutory, and the trial court retained jurisdiction to reconsider it, either *sua sponte* or upon motion, at any time before entering final judgment. See, e.g., *Nilavar v. Osborn* (2000), 137 Ohio App.3d 469, 499, 738 N.E.2d 1271; *Pitts v. Ohio Dept. of Trans.* (1981), 67 Ohio St.2d 378, 379, 423 N.E.2d 1105, Fn.1, citing Civ.R. 54(B) (interlocutory orders are subject to motions for reconsideration). Additionally, Ruth's several requests for

attorney's fees were not limited to fees associated with David's purported discovery violations. (Doc. Nos. 98, 103, 109).

**{¶21}** Second, we must reject David's assertion that Ruth failed to present evidence regarding a fee agreement or her payment of attorney's fees. The record contains a billing record from Ruth's attorney, which clearly shows the attorney's hours as well as Ruth's several payments. (D's Exs. A-B). Ruth's attorney also testified at the hearing regarding the attorney's fees. (June 5, 2009 Tr. at 25-29).

**{¶22}** Third, we find that the trial court's award of attorney's fees was not an abuse of its discretion regardless of whether David violated Loc.R. 20.09. As an initial matter, we agree with David that the trial court's finding that he violated Loc.R. 20.09 was erroneous. (Apr. 8, 2008 JE, Doc. No. 112). The rule provides:

**Rule 20.09    MODIFICATION OF *CHILD SUPPORT***

**A.      Any party with standing in a *child support case*, and/or the Allen County *Child Support* Agency (hereinafter CSEA) may file a motion for modification of child support.  All motions requesting *a modification of child support* shall be filed with the Clerk of Courts of Allen County, Ohio.**
**B.      Upon filing of any motion for *modification of child support*, the Clerk of Courts of Allen County, Ohio shall provide pro-se litigants with a copy of the notice designated as DR-5 requiring the responding party to provide the opposing party and the CSEA if the CSEA has filed the motion for *review/modification of child support*, financial information as set forth therein.  The Clerk shall also include a DR-5 notice with the copy of the motion and the summons upon the same. Counsel filing motions shall provide their client with form DR-5. Not later than thirty (30) days after service of the motion upon opposing party, each party shall provide the other and the**

> **CSEA if the CSEA has filed the motion for** *review/modification of child support* **the following financial material:**
> > **1. A copy of the parties' federal income tax return from the previous year.**
> > **2. A copy of all pay stubs obtained by the party within the proceeding six (6) months.**
> > **3. A copy of all their records evidencing the receipt of any other salary, wages or compensations, from whatever source derived, within the preceding six (6) months.**
> > **4. Any other information necessary to properly review the** *child support order***.**

(Emphasis added). Loc.R. 20.09's plain language indicates that it applies to modifications of child support, not modifications of spousal support.[3] That being said, the trial court's award of attorney's fees was, nonetheless, equitable and reasonable under the circumstances of this case. See, e.g., *Davis v. Widman*, 184 Ohio App.3d 705, 2009-Ohio-5430, 922 N.E.2d 272, ¶16, citations omitted ("[a] judgment by the trial court which is correct, but for a different reason, will be affirmed on appeal as there is no prejudice to the appellant.").

{¶23} To begin with, David's answers to Ruth's interrogatories were minimal. (Doc. No. 97). David did not provide his first set of answers until November 26, 2007, even though they were sent to him on August 3, 2007. (Doc. Nos. 97-98). David requested that Ruth provide him with copies of her W-2 forms and federal income tax returns from 2004-2006, but he objected to providing those documents to Ruth. (Doc. Nos. 89, 97). David did not provide this financial

---

[3] We note that David did file a DR-1 form with his original motion to terminate or modify spousal support in compliance with Loc.R. 20.01(D), which provides "[i]n all original and re-opened domestic cases each party shall complete and file a DR-1 form as provided with these rules." (Doc. No. 90).

information until December 11, 2007, a few days before the scheduled hearing and only after Ruth filed several motions for discovery sanctions. (Doc. Nos. 98, 101, 103). As the trial court found, "[David's] response to [Ruth's] discovery requests was neither timely nor complete[, and] [t]he time required for adjudication was enlarged by the actions and failure to act by [David]." (Jan. 29, 2010 JE, Doc. No. 139). The trial court also found that an award of attorney's fees was equitable in this case because: (1) David has substantially more income than Ruth; (2) David, as an attorney, was able to assist in the prosecution of his own case; and (3) without the award of attorney's fees, Ruth would be unable to litigate her rights and protect her interests. (Id.). Finally, we note that the attorney's fees in this case were calculated at the lowest amount possible since Ruth's counsel agreed to fifty percent (50%) of the total fees he earned at the lowest, reasonable local rate. (Id.); (June 5, 2009 Tr. at 25-29). For all these reasons, we cannot conclude that the trial court's decision to award Ruth attorney's fees for defending the action was an abuse of its discretion.

{¶24} David's first assignment of error is, therefore, overruled.

{¶25} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS, J., and \*SINGER, J., concur.**

**\*(ARLENE SINGER, J., from the Sixth District Court of Appeals Sitting by Assignment)**