[Cite as *Hunt v. Mercy Med. Ctr.*, 2011-Ohio-3678.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


LISA HUNT                                  :        JUDGES:
                                           :
                                           :        Hon. William B. Hoffman, P.J.
              Plaintiff-Appellant          :        Hon. Sheila G. Farmer, J.
                                           :        Hon. Patricia A. Delaney, J.
-vs-                                       :
                                           :        Case No. 11-CA-30
MERCY MEDICAL CENTER, ET AL.               :
                                           :
                                           :
              Defendant-Appellee           :        O P I N I O N


CHARACTER OF PROCEEDING:                   Appeal from the Stark County Court of
                                           Common Pleas Case No. 2010-CV-03345


JUDGMENT:                                  AFFIRMED

DATE OF JUDGMENT ENTRY:                    July 25, 2011


APPEARANCES:

For Plaintiff-Appellant:                            For Defendant-Appellee:

ALBERTO NESTICO 0071676                             JOHN N. CHILDS 0023489
GARY KISLING 0003438                                ADAM D. FULLER 0076431
TODD ROSENBERG 0037401                              Brennan, Manna & Diamond, LLC
Kisling, Nestico, & Redick, LLC                     75 E. Market St.
3412 W. Market St.                                  Akron, Ohio 44308
Akron, Ohio 44333

*Delaney, J.*

{¶1} Plaintiff-Appellant, Lisa Hunt, appeals from the judgment of the Stark County Court of Common Pleas, dismissing her complaint against Appellee, Mercy Medical Center for failure to state a claim upon which relief can be granted pursuant to Civ. R. 12(B)(6).

{¶2} The basis for the complaint is that Appellant received medical services from Appellee following a car accident. The cost of the medical services was $227.91. Appellant was eligible for Medicaid benefits and the services that she received from Appellee were covered by Medicaid. Appellant alleged that she was not informed by Appellee in writing that she would be billed for the medical services and not Medicaid. She also alleged that she did not agree to pay for the medical services prior to those services being rendered.

{¶3} On November 3, 2009, Paula Dreyfuss, of the law firm of Dreyfuss, Williams, & Associates Co., LPA, sent a letter to Appellant's personal injury attorney, Gary Kisling, at Kisling, Nestico, & Redick, LLC, notifying attorney Kisling of her firm's representation of Appellee and explaining that Appellee was required by law to identify and collect from third parties, such as automobile insurers before billing Medicaid for services covered by Medicaid. She also requested that Kisling provide her with information on the existence of insurance covering medical claims arising from Hunt's car accident.

{¶4} Appellant, in a class action complaint, alleged that this was a "written request for payment" and argued that Appellee violated Ohio Medicaid Billing regulations, O.A.C. 5101:3-1-13.1 and 5101.3-26. The basis for the alleged violation is

that Appellee's attorney sent Appellant's attorney a letter that sought information about the existence of third party payers for the purposes of subrogation. Appellant alleges that the letter is a bill for medical services covered by Medicaid, and that the letter's existence is a violation of Ohio Medicaid provider billing regulations, which prohibit healthcare providers from directly billing a Medicaid patient without prior consent from the patient.

{¶5} Appellee filed a motion to dismiss Appellant's complaint on October 29, 2010. Appellant requested leave to amend her complaint, and leave was granted. Appellee filed a motion to dismiss Appellant's first amended complaint pursuant to Civ. R. 12(B)(6) on November 19, 2010. The trial court granted the motion in a judgment entry filed January 13, 2011, the content of which is discussed in our disposition of Appellant's assignments of error below.

{¶6} Appellant raises two Assignments of Error:

{¶7} "I. THE TRIAL COURT ERRED IN HOLDING THAT APPELLANT WAS NOT BILLED AND THAT THE DOCUMENT ATTACHED TO THE FIRST AMENDED COMPLAINT AS EXHIBIT A IS NOT A BILL.

{¶8} "II. THE TRIAL COURT ERRED IN HOLDING THAT APPELLANT HAS NO CAUSE OF ACTION UNDER THE OHIO ADMINISTRATIVE CODE SINCE APPELLANT'S CLAIM FOR BREACH OF CONTRACT IS BASED ON EXPRESS CONTRACT LANGUAGE AND APPELLANT'S CLAIM FOR NEGLIGENCE IS BASED ON A DUTY INDIRECTLY DERIVED FROM THE ADMINISTRATIVE CODE."

**I & II**

{¶9}    In Appellant's assignments of error, she argues that the trial court erred in dismissing her Amended Complaint.  We disagree.

{¶10}  A trial court's order granting a motion to dismiss is reviewed de novo by the appellate court.  *Davis v. Widman*, 184 Ohio App.3d 705, 714, 2009-Ohio-5430, 922 N.E.2d 272.

{¶11}  "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378, citing *Assn. for Defense of Washington Local School Dist. v. Kiger* (1989), 42 Ohio St.3d 116, 117, 537 N.E.2d 1292.

{¶12}  Accordingly, a trial court may not rely upon evidence or allegations outside the complaint when ruling on a Civ.R. 12(B)(6) motion. *State ex rel. Fuqua v. Alexander* (1997), 79 Ohio St.3d 206, 207, 680 N.E.2d 985. To sustain a Civ.R. 12(B)(6) dismissal, "it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *LeRoy v. Allen, Yurasek, & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14, citing *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11. Additionally, the complaint's allegations must be construed as true, and any reasonable inferences must be construed in the nonmoving party's favor. Id., citing *Maitland v. Ford Motor Co.*, 103 Ohio St.3d 463, 2004-Ohio-5717, 816 N.E.2d 1061, ¶ 11; *Kenty v. Transamerica Premium Ins. Co.* (1995), 72 Ohio St.3d 415, 418, 650 N.E.2d 863.

{¶13} When reviewing a Civ.R. 12(B)(6) decision, this Court must determine whether the complaint's allegations constitute a statement of a claim under Civ.R. 8(A). *Davis*, supra, citing *Keenan v. Adecco Emp. Servs., Inc.*, 3rd Dist. No. 1-06-10, 2006-Ohio-3633, ¶ 7. "All that the civil rules require is a short, plain statement of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it is based." *Patrick v. Wertman* (1996), 113 Ohio App.3d 713, 716, 681 N.E.2d 1385, quoting *Kelley v. E. Cleveland* (Oct. 28, 1982), 8th Dist. No. 44448. See also Civ.R. 8(A)(1). When filing a claim pursuant to Civ.R. 8(A), "[a] party is not required to 'plead the legal theory of recovery' "; furthermore, "a pleader is not bound by any particular theory of a claim but that the facts of the claim as developed by the proof establish the right to relief." *Illinois Controls, Inc. v. Langham* (1994), 70 Ohio St.3d 512, 526, 639 N.E.2d 771. Indeed, "that each element of [a] cause of action was not set forth in the complaint with crystalline specificity" does not render it fatally defective and subject to dismissal. *Border City S. & L. Assn. v. Moan* (1984), 15 Ohio St.3d 65, 66, 472 N.E.2d 350. See also *Parks v. Parks* (Mar. 5, 1998), 3d Dist No. 1-97-60. However, " 'the complaint must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'" *Fancher v. Fancher* (1982), 8 Ohio App.3d 79, 83, 455 N.E.2d 1344, quoting 5 Wright & Miller, Federal Practice & Procedure: Civil (1969), at 120-123, Section 1216.

{¶14} The trial court's judgment entry granting the Civ.R. 12(B)(6) motion to dismiss provides, in pertinent part:

{¶15} "On May 9, 2009, Plaintiff Lisa Hunt was injured in an automobile accident and sought care from Defendant Mercy Medical Center. She was eligible for Medicaid. She was provided care costing $227.91. She was later sent a letter which she claims is a "written request for payment" to her for Medicaid covered services. In reliance of this letter, Plaintiff alleges that Mercy billed her directly for medical services covered by Medicaid, which practice would be in contravention of Medicaid law.

{¶16} "Letter is Not a Bill

{¶17} "Plaintiff characterizes the letter attached to the Complaint as a bill demanding payment for Medicaid covered services. However, the content of the letter makes it clear that it is not a bill. The letter, sent by Mercy's attorney to Plaintiff's attorney, is a request for information about the existence of a third party payer. The letter makes the following request:

{¶18} "Please provide me with any and all insurance information, including possible medical benefits through your client's automobile insurance, so that the bill may be submitted for processing. If there is no other health or auto coverage, please provide either a denial or exhaust letter so that Medicaid can be billed.

{¶19} "As explained in the letter, Medicaid is a payer of last resort, and Mercy was required by law to take reasonable measures to obtain payments for Medicaid covered services from third parties before billing Medicaid.

{¶20} "In considering dismissal, the Court should accept Plaintiff's factual allegations as true and draw all reasonable inferences in favor of the non-moving party. However, unsupported conclusions made in the Complaint are not accepted as true. The inference that the letter is a bill is not reasonable. As such, Plaintiff has not alleged

sufficient facts to show that Mercy improperly billed her for medical serviced [sic] covered by Medicaid.

{¶21} "Plaintiff Lacks Standing

{¶22} "Even if the Court were to construe the letter as a bill, Plaintiff nonetheless lacks standing to assert her claims.  Plaintiff's claims are premised on Ohio Medicaid regulations outlining when a Medicaid services provider, like Mercy, may bill a Medicaid recipient, like Plaintiff.  The Ohio Medicaid statute expressly states that its provisions cannot be construed to create a cause of action to enforce state law beyond the causes of action available under federal Medicaid law.  Under federal Medicaid law, no private cause of action exists for a Medicaid recipient.  Since there is no private right of action for Medicaid recipients under federal law, there can be no private cause of action for Medicaid recipients under federal law, there can be no private cause of action for a Medicaid recipient under Ohio law pursuant to O.R.C. 5111.102.

{¶23} "Plaintiff attempts to work her way around this prohibition by asserting common law causes of action for breach of contract and negligence. These causes of action, however, are based solely on alleged violations of Ohio Medicaid provider billing regulations.  In order to resolve these claims, the Court would have to specifically determine whether Mercy violated Ohio Medicaid regulations.  Thus, these claims are subject to dismissal in the same manner as a statutory cause of action under Medicaid.

{¶24} "In limiting review to the pleadings as prescribed by Civil Rule 12(B)(6), this Court finds that the allegations made in Plaintiff's Complaint are not legally sufficient to state a claim upon which relief can be granted.

{¶25} "Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Dismiss is hereby GRANTED. This is a final appealable order and there is no just cause for delay." (Internal citations omitted).

{¶26} O.A.C. 5101:3-1-13.1 and 5106:3-26 prohibit health care providers from directly billing Medicaid patients without prior consent from the patient. Appellant alleged that she was a third party beneficiary to these contracts and that Appellee breached these contracts by billing her for services covered by Medicaid instead of ODJFS or MCPs. To support these claims, Appellant was required to allege sufficient facts showing that Appellee billed her for services covered by Medicaid. We find that she did not do so. The letter is a letter requesting information for subrogation; it is not a demand for payment.

{¶27} The letter states, specifically:

{¶28} "Please provide me with any and all insurance information, including possible medical benefits through your client's automobile insurance, so that the bill may be submitted for processing. If there is no other health or auto coverage, please provide either a denial or exhaust letter so that Medicaid can be billed."

{¶29} Moreover, we find that the trial court properly concluded that Appellant did not have standing to assert her breach of contract and negligence claims against Appellee based on R.C. 5111.102, which provides:

{¶30} "As used in this section, "state agency" has the same meaning as in section 9.23 of the Revised Code.

{¶31} "No provision of Title LI of the Revised Code or any other law of this state that incorporates any provision of federal Medicaid law, Title XIX of the Social Security

Act, 79 Stat. 286 (1965), 42 U.S.C. 1396, or that may be construed as requiring the state, a state agency, or any state official or employee to comply with that federal provision, shall be construed as creating a cause of action to enforce such state law beyond the causes of action available under federal law for enforcement of the provision of federal law."

{¶32} Under federal law, no private cause of action exists for a Medicaid recipient to sue a Medicaid provider. *Stewart v. Bernstein* (5th Cir. 1985), 769 F.2d 1088, 1093; *Harmon v. St. Augustine Manor* (N.D. Ohio Apr. 5, 2007), No. 1:06cv2845, 2007 WL 1072164; *Fuzie v. Manor Care, Inc.* (N.D. Ohio 1977) 461 F.Supp. 689, 696.

{¶33} Moreover, pursuant to the passage of O.R.C. 5111.102, state law prohibits a plaintiff from filing a cause of action against a party based on state Medicaid law where such a cause of action is not recognized by federal Medicaid law.

{¶34} Accordingly, we find that the trial court acted properly in granting Appellee's motion to dismiss for failure to state a claim upon which relief could be granted pursuant to Ohio Civ. R. 12(B)(6).

{¶35} Appellant's assignment of error is overruled.

{¶36} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.

Hoffman, P.J. and

Farmer, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER

[Cite as *Hunt v. Mercy Med. Ctr.*, 2011-Ohio-3678.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LISA HUNT | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MERCY MEDICAL CENTER, ET AL. | : | |
| | : | |
| Defendant-Appellee | : | Case No. 11-CA-30 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER