DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a summary judgment issued by the Erie County Court of Common Pleas in a dispute over alleged flooding damage to real estate. Because we conclude that the trial court properly granted summary judgment as to Fifth Third Bank, a mortgage holder, but improperly granted summary judgment on the nuisance and trespass claims against Angel's Path, we reverse in part and affirm in part. *Page 2 
 {¶ 2} Appellants, Clarence E. Peters, Jr., and his wife, Nanette M. Peters, filed suit against appellees, Angel's Path, LLC ("Angel's Path"), and Fifth Third Bank ("Fifth Third"), alleging damage to their two residential properties located on Perkins Avenue in Erie County, based upon claims of nuisance and trespass. Appellants alleged that, as a result of residential property development by Angel's Path, dirt mounds at the edge of the development property caused water run-off and flooding on their adjacent property, and contained "noxious weeds." Appellants sought restraining orders to prevent Angel's Path from trespassing on their properties or continuing to alter the natural flow of water, as well as, compensatory and punitive damages.
 {¶ 3} Fifth Third moved for summary judgment, stating that, as Angel Path's mortgage lender, it had no responsibility for actions taken by the mortgagee. The trial court granted Fifth Third's motion for summary judgment.
 {¶ 4} On April 26, 2006, Angel Path filed a motion for summary judgment, arguing that (1) the earth mounds did not cause run-off to appellants' property or any sink-hole conditions, and therefore, were not a nuisance; and (2) that their surveyor said that the mounds did not encroach upon appellants' property, so no trespass had occurred. Angel Path also filed a motion in limine, to prevent appellants from presenting expert testimony by Edward Feick at trial regarding the run-off and water damage.
 {¶ 5} Appellants responded in opposition to Angel's Path's motion, stating that the construction, maintenance, and alleged erosion of the dirt mounds on the residential development site established both nuisance and trespass claims. Appellants submitted an *Page 3 
affidavit by Clarence E. Peters, along with referenced photographs, a letter sent to him by Angel's Path regarding permission to enter upon the Peters' property during construction, and an opinion letter from appellants' expert, Edward Feick. The trial court ultimately granted Angel's Path's motion in limine to exclude appellants' expert from testifying and for purposes of summary judgment. The trial court also granted summary judgment against appellants on both the nuisance and trespass claims.
 {¶ 6} Appellants now appeal from that judgment, arguing the following three assignments of error:
 {¶ 7} "Assignment of Error No. 1:
 {¶ 8} "The trial court did not properly apply the provisions of Ohio Rules of Civil Procedure Rule 56 in granting appellee Angel's Path, LLC's motion for summary judgment.
 {¶ 9} "Assignment of Error No. 2:
 {¶ 10} "The trial court did not properly apply the provisions of Ohio Rules of Civil Procedure Rule 56 in granting appellee Fifth Third Bank's motion for summary judgment.
 {¶ 11} "Assignment of Error No. 3:
 {¶ 12} "[sic] Trial Court errored [sic] in applying a different standard to the affidavits submitted by appellant versus the affidavits submitted by the appellee Angel's Path, LLC and striking the expert's letter submitted by appellant." *Page 4 
 I. {¶ 13} We will first address appellants' third assignment of error in which they assert that the trial court erred in excluding their expert's testimony because his report was not filed within the time deadlines set by the trial court.
 {¶ 14} Parties are required under Civ.R. 26(E)(1)(b) to disclose in discovery the identity of expert witnesses expected to be called at trial. Civ.R. 37(B)(2)(b) provides:
 {¶ 15} "If any party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence."
 {¶ 16} A trial court has discretion to set a deadline by which the parties have to disclose their expert witnesses, and to enforce its order by excluding all testimony from experts not disclosed by the deadline. See Paugh Farmer, Inc. v. Menorah Home for Jewish Aged
(1984), 15 Ohio St.3d 44, 45-46, and Huffman v. Hair Surgeon, Inc.
(1985), 19 Ohio St.3d 83, 84-85. It is well settled that trial courts enjoy great latitude in resolving discovery abuses with the appropriate sanctions. Nakoff v. Fairview General Hospital (1996),75 Ohio St.3d 254, 256. Among these sanctions is the "exclusion of expert testimony pursuant to a motion in limine as a sanction for the violation of Civ.R. 26(E)(1)(b)." Jones v. Murphy (1984), 12 Ohio St.3d 84, syllabus.
 {¶ 17} Nevertheless, the purpose of the civil rules regarding discovery, "is to prevent surprise to either party at the trial or to avoid hampering either party in preparing *Page 5 
its claim or defense for trial. * * *" Feichtner v. ODOT (1995),114 Ohio App.3d 346, 352, citing to Jones, supra, at 86. Justice suffers if unwarranted judgments are entered because parties are not allowed to fully defend themselves or present their best case.
 {¶ 18} In the present case, the September 2005 order referenced by Angel's Path and the trial court simply stated that "EXPERT AND LAY WITNESSES (EXCEPT REBUTTAL) SUBMITTED BY: Plaintiff: 2-1-06 and Defendant :3-1-06." The judgment entry also states that "Local rules of court are applicable in this case. All counsel shall take notice of the Local Court Rules of Practice and Procedure for Erie County Common Pleas Court, General Division." Nothing in the court's order refers to any deadline for expert reports. Rather, the order simply provides for the disclosure of expert witnesses.
 {¶ 19} On June 28, 2006, more than one month before trial, appellants responded to appellee's motion in limine. Appellants stated that they had, in fact, disclosed Edward Feick as a potential expert in answers to interrogatories. Appellants also pointed out that Erie County Common Pleas Local Rule 15(C) provides that "No medical or other expert witness will be permitted to testify either by deposition or at trial unless two (2) weeks prior to the expert's testimony a written or audiotape report relative to the expert's prospective testimony is served on opposing counsel."
 {¶ 20} Since appellants disclosed Edward Feick as their potential expert prior to February 1, 2006, appellee cannot claim prejudice due to unfair surprise. By April 2006, appellants also had apprised appellee of the gist of their expert's testimony. Trial was set *Page 6 
for August 14, 2006. The trial court based its decision upon the erroneous conclusion that the expert's report needed to be filed by the February 1, 2006 deadline. Thus, since appellants had disclosed the potential expert, Edward Feick, we conclude that the trial court erred in granting the motion in limine based upon appellants' failure to timely submit an expert report. Disclosure of the expert's actual report would not have been required, under the trial court's Local Rule 15(C), until the end of July 2006.
 {¶ 21} We also note that the trial court put great emphasis on the fact that appellants' expert had not conducted his own survey of appellants' property. Feick based his conclusions and opinions on Angel's Path's expert's survey and topograpy map which were submitted and apparently accepted by the trial court as admissible evidence. As long as the evidence is admissible at trial, an expert may look at factual material and reports created by others and draw his own conclusions from the information presented. Therefore, Feick's testimony was, in fact, admissible, and the weight of his opinions left to the trier of fact.
 {¶ 22} Accordingly, appellants' third assignment of error is well-taken.
 II. {¶ 23} In their first assignment of error, appellants argue that the trial court erroneously granted summary judgment regarding their nuisance and trespass claims. We agree.
 {¶ 24} The standard of review of a grant or denial of summary judgment is the same for both a trial court and an appellate court. Civ.R. 56(C);Lorain Natl. Bank v. *Page 7 Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact" and, "construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).
 {¶ 25} A motion for summary judgment first compels the moving party to inform the court of the basis of the motion and to identify portions in the record which demonstrate the absence of a genuine issue of material fact. If the moving party satisfies that burden, the nonmoving party must then produce evidence as to any issue for which that party bears the burden of production at trial. Civ.R. 56(C); Dresher v. Burt (1996),75 Ohio St.3d 280, limiting Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, paragraph three of the syllabus. Finally, an appellate court reviews summary judgments de novo, i.e., independently and without deference to the trial court's determination. Brown v.Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711.
 {¶ 26} "Trespass is the unlawful entry upon the property of another."Chance v. BP Chemicals, Inc. (1996), 77 Ohio St.3d 17, 24. The elements of trespass include, "(1) an unauthorized intentional act, and (2) entry upon land in the possession of another." Brown, supra, at 716.
 {¶ 27} "Nuisance" is defined as "the wrongful invasion of a legal right or interest." Taylor v. Cincinnati (1944), 143 Ohio St. 426, 432. "Wrongful invasion" encompasses *Page 8 
the use and enjoyment of property or of personal rights and privileges. Id. A "private nuisance" is "a nontrespassory invasion of another's interest in the private use and enjoyment of land." Brown, supra, at 712. Unlike a public nuisance, a private nuisance threatens only one or few persons. Taylor, supra, at 442, citing McFarlane v. NiagaraFalls (1928), 247 N.Y. 340.
 {¶ 28} In order for a private nuisance to be actionable, the invasion must be either (a) intentional and unreasonable, or (b) unintentional but caused by negligent, reckless, or abnormally dangerous conduct. If the conduct is abnormally dangerous, the court must balance the utility and benefit of the alleged nuisance against the invasion and harm caused. Brown, supra, at 712-713.
 {¶ 29} A private nuisance may be further designated as absolute or qualified. "An absolute nuisance is based on either intentional conduct or an abnormally dangerous condition that cannot be maintained without injury to property, no matter what care is taken. A qualified nuisance is essentially a tort of negligent maintenance of a condition that creates an unreasonable risk of harm, ultimately resulting in injury."State ex rel. R.T.G., Inc. v. State, 98 Ohio St.3d 1, 2002-Ohio-6716, ¶ 59.
 {¶ 30} Strict liability is imposed upon an absolute nuisance finding.Taylor, 143 Ohio St. 426, paragraph two of the syllabus; State ex rel.Schoener v. Hamilton Cty. Bd. of Commrs. (1992), 84 Ohio App.3d 794,799. Strict liability will arise where one does or allows anything to be done "without just cause or excuse, the necessary consequence of which interferes with or annoys another in the enjoyment of his legal rights."Taylor, *Page 9 
supra, paragraph two of the syllabus. Under such circumstances, one is under a duty to confine any such hazard. Failure to do so will make one "prima facie answerable for all the damage which is the natural consequence of [the water's] escape." Id. at 435. Where one has complied with applicable statutes and regulations, or where one has been given permission or authority to operate or erect the alleged nuisance, however, an absolute nuisance will not be found. Id.
 {¶ 31} In contrast, "qualified" nuisance is premised upon negligence. A qualified nuisance is defined as essentially a tort of negligent maintenance of a condition that creates an unreasonable risk of harm.State ex rel. R.T.G., Inc., supra. To recover damages for a qualified nuisance, negligence must be averred and proven. Brown, supra, at 713 and 715; Allen Freight Lines, Inc. v. Consol. Rail Corp. (1992),64 Ohio St.3d 274, 276. Thus, the allegations of nuisance and negligence merge, as the nuisance claims rely upon a finding of negligence. Allen FreightLines, Inc., supra.
 {¶ 32} A qualified nuisance is a lawful act "so negligently or carelessly done as to create a potential and unreasonable risk of harm, which in due course results in injury to another." Metzger v.Pennsylvania, Ohio Detroit RR. Co. (1946), 146 Ohio St. 406, paragraph two of the syllabus. Under such circumstances, the nuisance arises from a failure to exercise due care. Taylor, 143 Ohio St. at 436. Even that which was lawful in origin may become a nuisance through "negligence in maintenance." Id. at 442, quoting McFarlane, 247 N.Y. 340, 160 N.E. 391. *Page 10 
 {¶ 33} Where damage to one property is alleged by water run-off created by an adjacent property owner, Ohio has adopted a reasonable-use rule with respect to water run-off. McGlashan v. Spade Rockledge TerraceCondo Dev. Corp. (1980), 62 Ohio St.2d 55, 60. "[A] possessor of land is not unqualifiedly privileged to deal with surface water as he pleases, nor absolutely prohibited from interfering with the natural flow of surface waters to the detriment of others. Each possessor is legally privileged to make a reasonable use of his land, even though the flow of surface waters is altered thereby and causes some harm to others. He incurs liability only when his harmful interference with the flow of surface water is unreasonable." Id., at the syllabus. The reasonableness of an interference is determined by the trier of fact, guided by the rules stated in 4 Restatement on Torts 2d 108-142, Sections 822-831. Id., at 60.
 {¶ 34} In answer to Angel's Path's motion for summary judgment, appellants filed Clarence E. Peters' affidavit along with referenced photos, that averred that the mounds created by Angel's Path had "slid across the common property onto affiant's property." The affidavit further averred, due to unsuccessful negotiations between the parties for the purchase of a portion of appellants' property, Angel's Path had taken "harassing" actions against appellants in a variety of ways. Peters' affidavit also states that appellee's workers have entered onto his property to cut the weeds because the slope of the mounds "does not allow appropriate maintenance without entering onto" appellants' property. Finally, the Peters' affidavit states that the back portion of his property now floods and does not dry out, preventing appellants' use, including rental for farming purposes. *Page 11 
 {¶ 35} In addition, appellants attached copies of two nuisance complaints they filed to compel appellee to cut weeds and maintain the mounds. Appellants also included as an exhibit, a letter from their expert, Edward Feick, opining that the mounds now block the natural flow of the water, creating a "permanent pond," and suggesting possible ways to eliminate this problem.[1]
 {¶ 36} Although we have previously determined that appellants' expert's opinion are admissible, we note that, appellants themselves offered evidence that the mounds had slid over their property line. Contrary to the trial court's determination, appellants' affidavit regarding the encroachment of the mounds over his property line was not self-serving. A property owner's testimony regarding the location of his property lines, although perhaps not the best evidence to rebut a commercially prepared survey, is something presumably within the property owner's personal knowledge. Therefore, despite the fact that appellants had not yet had a separate survey done, we can find nothing to disqualify them from testifying to the boundaries of their own property.
 {¶ 37} We also note that the trial court placed considerable weight and significance on the fact that Angel's Path plans had been approved by the local county engineers. The court apparently deemed this fact to be "evidence" that no damage or injury could be occurring to appellants' property. We are aware that the Erie County *Page 12 
Engineer's Office and other agencies approved the Angel's Path development plans, including the projected effects that it might have on surrounding properties. As the Tenth District Court of Appeals stated, however, in reference to a flooding property claim, "[S]uch facts are of little consequence and comfort when examining the real-world results of the construction * * *." Franklin Cty. Dist. Bd. of Health v.Paxson, 152 Ohio App.3d 193, 2003-Ohio-1331, ¶ 40. The approval of a plan by a county engineer's office is no guarantee that unexpected results and flooding might not occur. Id.
 {¶ 38} In this case, Peters' affidavit stated that prior to the construction of the mounds, their property would "occasionally flood, but [appellants] never occasioned flooding and pooling of water in their backyard for extended periods until [Angel's Path] installed said mound." As a result, despite the approval by the county engineer's office or other governmental agencies, evidence was presented that the mounds caused more flooding, rather than improved drainage, as claimed by Angel's Path.
 {¶ 39} Consequently, for the purposes of summary judgment, we conclude that appellants presented prima facie evidence to establish causes of action for private nuisance and trespass. Whether Angel Path's actions were reasonable, intentional, or negligent are decisions to be made by a trier of fact, not on summary judgment. Therefore, since genuine issues of material fact remain in dispute, and appellee is not entitled to judgment as a matter of law, we conclude that the trial court improperly granted summary judgment as to Angel's Path.
 {¶ 40} Accordingly, appellants' first assignment of error is well-taken. *Page 13 
 III. {¶ 41} In their second assignment of error, appellants claim that the trial court erred in granting summary judgment in favor of appellee, Fifth Third Bank.
 {¶ 42} A mortgage of real estate is "regarded in equity as a mere security for the performance of its condition of defeasance, and where that condition is the payment of a debt, the security is regarded as an incident of the debt." Levin v. Carney (1954), 161 Ohio St. 513, 518
(citations omitted). In other words, a mortgage of real property is a security for a debt and gives the mortgagee no right of possession or control. Id., at 520. Consequently, absent any evidence of such a right of possession or control, a mortgagee bank has no ability to create or prevent a nuisance from arising on the mortgaged property. Hausman v.Dayton (1995), 73 Ohio St.3d 671, 679.
 {¶ 43} In this case, appellants' only allegation regarding liability by Fifth Third was that it held an interest in the development property as security for a revolving credit line issued to Angel's Path. Nothing in the record indicates that this security interest is any different than any other standard security or lien held by banks when issuing credit to its borrowers. Furthermore, appellants have provided nothing to indicate that Fifth Third could or did exercise any authority or control over the property or its design or development. Thus, we conclude that no genuine issues of material fact remain in dispute and Fifth Third is entitled to summary judgment as a matter of law. Therefore, the trial court properly granted summary judgment in favor of Fifth Third.
 {¶ 44} Accordingly appellants' second assignment of error is not well-taken. *Page 14 
 {¶ 45} The judgment of the Erie County Court of Common Pleas is affirmed in part and reversed in part. This case is remanded to the trial court for proceedings consistent with this decision. Appellants and appellee, Angel's Path, are each ordered to pay one-half of the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J. CONCUR.
[1] We note that the Feick letter is not in affidavit form which does not technically conform with the requirements of Civ.R. 56(C). Since the trial court accepted this same format from appellee's expert, however, it apparently has waived this requirement for expert reports in summary judgment filings. Thus, the court cannot reject appellants' expert letter for not being in affidavit form. *Page 1