[Cite as *McConnell Columbiana Property, L.L.C. v. Beno*, 2026-Ohio-2448.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

McCONNELL COLUMBIANA PROPERTY, LLC,

Plaintiff-Appellee,

v.

JOHN C. BENO ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 CO 0048

---

Civil Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2023 CV 283

**BEFORE:**
Cheryl L. Waite, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Mark A. Hutson*, for Plaintiff-Appellee

*Atty. Joseph C. Bishara*, and *Atty. Robert T. Buch*, Roth, Blair, Roberts, Strasfeld & Lodge LPA for Defendants-Appellants

Dated:  June 24, 2026

---

**WAITE, P.J.**

{¶1} In 2023, Appellee McConnell Columbiana Property, LLC filed a declaratory judgment action against twelve defendants, including Appellants Frank J. Chestnut and Lana Chestnut, co-trustees of The Chestnut Family Trust. The purpose of the complaint was to settle the location of an unmaintained portion of Crosser Road in Center Township, Columbiana County. Appellee needs to use the road to access its landlocked property. The court granted summary judgment to Appellee. Appellants argue that there are genuine issues of material fact in dispute as to whether any part of Crosser Road runs through their property, as well as questions about the exact location of Crosser Road. Appellee submitted two surveys and surveyors' affidavits to establish the location of Crosser Road. Appellants attempted to rebut the evidence with a personal affidavit from Frank J. Chestnut stating that Crosser Road did not run through the Chestnut property. However, the affidavit contains mere self-serving conclusions, and the attachments did not rebut Appellee's evidence, they actually support Appellee's position. As the trial court correctly granted summary judgment to Appellee, the judgment of the trial court is affirmed.

<u>Facts and Procedural History</u>

{¶2} On June 21, 2023, Appellee filed a complaint seeking declaratory judgment in the Columbiana County Court of Common Pleas in order to establish the location and boundaries of an unmaintained portion of Crosser Road located in Center Township, Columbiana County. Appellee is a limited liability company and owns three parcels of land in Sections 20 and 29 of Center Township totaling 173.840 acres. A portion of Crosser Road servicing Appellee's property had been removed from the inventory of

maintained roads by the action of the Columbiana County Commissioners. Appellee alleged that the unmaintained part of Crosser Road passed through Sections 19 and 20 of Center Township, and could still legally be used to access its property.

{¶3} Appellee needed to define the parameters of the road in order to have public road access to its landlocked property. Appellants Frank J. Chestnut and Lana Chestnut, co-trustees of The Chestnut Family Trust, were two of the named defendants in Appellee's declaratory judgment action. Appellants were alleged to hold title to property through which part of the unmaintained section of Crosser Road passed.

{¶4} Appellee had a survey of the area prepared by registered surveyor Kim Halverstadt. This survey was attached to the complaint, along with documents from the Columbiana County Commissioners reflecting that the unmaintained portion of Crosser Road had not been vacated or abandoned and continued to be a public road.

{¶5} On November 5, 2024, the court granted default judgment to Appellee as to seven of the twelve named defendants. Appellee filed an amended complaint on November 20, 2024 against the remaining defendants, as well as two additional defendants. Appellees attached an additional survey to the amended complaint, completed by registered surveyor Graham Ewing, along with a detailed metes and bounds description of the unmaintained section of Crosser Road. Both surveyors had done extensive research into the history of Crosser Road in order to complete their surveys.

{¶6} Appellants filed an answer and counterclaim. The court granted Appellee default judgment against all remaining defendants except for Appellants and defendants John C. and Elaine Beno. On April 18, 2025, Appellee filed a motion for summary

judgment. Attached to the motion were affidavits from: Paul McConnell, a member of Appellee McConnell Property, LLC; surveyor Kim Halverstadt; and surveyor Graham Ewing. Appellee also attached the two surveys that were prepared, the metes and bounds descriptions, aerial photos, and documents from the Columbiana County Commissioners.

{¶7} Appellants filed a motion in opposition to summary judgment. Appellants Frank and Laura Chestnut attached Frank's affidavit to the motion. They also attached a page from a 1998 plat book and a deed from 2002 transferring 76.494 acres in Center Township from Nina Chestnut to Frank J. Chestnut and Lana J. Chestnut. John and Elaine Beno did not oppose summary judgment and are not parties to this appeal.

{¶8} On July 8, 2025 the trial court granted summary judgment on all matters to Appellee. Appellants filed an appeal, Appeal No. 25 CO 0026. This court sua sponte dismissed the appeal for lack of a final appealable order, as the trial court's judgment entry did not contain enough information to satisfy the requirements of declaratory judgment. On return to the trial court, the court again granted summary judgment to Appellee on all matters on November 6, 2025. The court included as part of its judgment the survey maps and legal descriptions provided by the two surveyors. Appellants filed a notice of appeal on December 3, 2025. Appellants raise a single assignment of error on appeal.

## Final Appealable Order Status

{¶9} As a preliminary matter, Appellants argue that the trial court's judgment of November 6, 2025 does not constitute a final appealable order, and thus, the appeal should be dismissed. To be clear, Appellants filed this appeal, but now contend the

court's judgment is not final and appealable. The basis of Appellants' argument is that they filed a counterclaim which was never ruled on by the court. Appellants' argument is without merit. The trial court's judgment states: "The Court hereby finds no genuine issues as to any material facts remains to be litigated in this case. The Court finds Plaintiff is entitled to judgment as a matter of law." (11/6/25 J.E., p. 2.) The entry also states: "This is a final appealable order." (11/6/25 J.E., p. 2.) The trial court made it clear that it was ruling on all matters in the case and that judgment on all matters was being granted entirely to Appellee. Although the judgment entry does not explicitly mention Appellants' counterclaim, the manner of the court's ruling makes it clear that the counterclaim was denied. It is also apparent that the six counts in the counterclaim all depend on a ruling in Appellants' favor on the issue of the existence and location of the unmaintained portion of Crosser Road in dispute. It is very clear, however, that the trial court ruled in Appellee's favor on that issue. The November 6, 2025 Judgment Entry is a final appealable order.

<u>Summary Judgment Standard of Review</u>

{¶10} An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). Whether a fact is "material"

depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603 (8th Dist.1995).

{¶11} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 386 (8th Dist.1997).

{¶12} The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party. *Temple*, 50 Ohio St.2d at 327.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON PLAINTIFF-APPELLEE'S CLAIM FOR DECLARATORY MOTION.

{¶13} Appellants argue that the affidavit of Frank J. Chestnut and the two documents attached to the affidavit create a genuine issue of material fact as to the

Case No. 25 CO 0048

location and existence of the unmaintained section of Crosser Road. Therefore, they contend that summary judgment was not appropriate. Appellants do not dispute that a section of Crosser Road ceased being maintained by Center Township, that it was not vacated, and that it still exists as a public road. Appellee and Appellants have both asked the court to define the exact location of the unmaintained portion of Crosser Road as it cuts across, or alternatively, near to the eastern edge of Appellants' property. Appellants maintain that there is enough evidence in the record to create a genuine issue of material fact as to whether Crosser Road cuts through a portion of the Chestnut property.

{¶14} The Chestnuts' argument depends entirely on the affidavit of Appellant Frank Chestnut and two attachments to that affidavit: a copy of a page from a plat map book; and a copy of the 2002 deed transferring 76.494 acres from Nina Chestnut to Frank J. Chestnut and Lana J. Chestnut. The affidavit and attachments were filed as part of Appellants' motion in opposition to summary judgment.

{¶15} There is no date on the page from the plat map book, but Appellants allege that it is from 1998. It purports to show 18 sections of Center Township, including Section 19 that contains the Chestnut property, and Section 20 that contains Appellee's property. The plat map page purports to show that Crosser Road runs north/south along the eastern edge of a small section of the Chestnut property. It also shows Crosser Road continuing south through the property of the other defendants (none of whom has contested Appellee's claim) and connecting to Appellee's landlocked property. The scale of the map is so minute that it is impossible to make any detailed determination of the location of Crosser Road with respect to the Chestnut property, other than it appears to run down

Case No. 25 CO 0048

the eastern edge of a small section of the Chestnut property. Thus, we note that this plat map confirms, rather than rebuts, Appellee's expert evidence and surveys.

**{¶16}** Likewise, the deed that Appellants attached to their motion in opposition to summary judgment confirms rather than rebuts Appellee's expert evidence. The deed states that the easternmost edge of a small section of the Chestnut property runs along the eastern edge of Section 19 of Center Township and also travels along Crosser Road for 533.28 feet. The deed states that one of the surveyor's pins is within Crosser Road and that part of Crosser Road lies within the Chestnut property. The deed also states that the Chestnut property is subject to all legal highways, easements, and right of ways. This information is perfectly consistent with the evidence presented by Appellee, but inconsistent with Appellants' contention to the contrary.

**{¶17}** Appellant Frank Chestnut's affidavit does not provide evidence of the type that can be used at trial to create a genuine issue of material fact. Although he states at one point that Crosser Road is a dead-end road that ends roughly at his property line, the attachments to his affidavit actually prove that it does not end at his property line. He makes multiple claims in the affidavit that are either hearsay, speculation, or unsupported conclusions, such as: nearby property owners leased land to Rosebud Mining Company and then stopped leasing said land; Crosser Road was destroyed by mining activities; the boundaries established by Appellee's expert witnesses are not the boundaries of Crosser Road; and he claims a road that Appellants maintain through the Chestnut property is not Crosser Road. We must also note that since Frank Chestnut avers that he does not know where the unmaintained part of Crosser Road is, he cannot state as fact that it does not pass through his property or that Appellee's surveys are incorrect.

**{¶18}** Appellant Frank Chestnut's affidavit presents a classic example of a self-serving affidavit that cannot be used to create a genuine issue of material fact in summary judgment.

A nonmoving party may not avoid summary judgment by merely submitting a self-serving affidavit contradicting the evidence offered by the moving party. To hold otherwise would allow a party to avoid summary judgment simply by submitting a self-serving affidavit with nothing more than unsupported contradictions of the evidence offered by the moving party. A self-serving affidavit that is not corroborated by any evidence is insufficient to establish the existence of an issue of material fact. (Citations omitted.)

*Merino v. Levine Oil Enterprises, LLC*, 2019-Ohio-205, ¶ 36 (7th Dist.). The attachments to Appellant's affidavit do not support the assertions he makes in the affidavit and do not contradict the surveys of the property prepared and submitted by Appellee's surveyors. Appellant's affidavit merely contains a contradictory and speculative opinion as to Appellee's evidence without providing any actual evidence to support that opinion. "In order to defeat summary judgment, the nonmoving party must produce evidence beyond allegations set forth in the pleadings and beyond conclusory statements in an affidavit." *Scott v. Marckel*, 2008-Ohio-2743, ¶ 18 (3d Dist.).

**{¶19}** Appellants' only argument, here, is that Appellant Frank Chestnut, as one of the property owners, should be able to create a material issue of fact through his own purported knowledge of where his property lines are without relying on expert evidence.

Appellants contend that a party opposing expert evidence in summary judgment is not always required to provide an opposing expert. This is a meaningless, straw argument, since Appellee has never argued that Appellants must produce opposing expert evidence to rebut Appellee's experts. Appellants also contend that a landowner's affidavit regarding his own knowledge of his property lines is always sufficient to rebut contrary evidence regarding those property lines. Appellant cites a single case he claims supports this conclusion. *Peters v. Angel's Path, L.L.C.*, 2007-Ohio-7103, ¶ 1 (6th Dist.). *Peters* involved claims of trespass and nuisance when a developer constructed dirt mounds to control rainwater runoff, but an adjoining landowner (the plaintiff) alleged that the mounds trespassed on his property and actually caused flooding and water damage on his property. The trial court granted summary judgment to Angel's Path, the developer, but this was reversed on appeal.

**{¶20}** *Peters* is distinguished from the instant case in many ways. First, the discussion in the case regarding expert evidence of surveyors had to do with expert evidence that would be presented at trial, not in summary judgment. The trial court excluded the plaintiff's expert evidence because it had not been timely filed according to the court's discovery rules, and it was this aspect of the court's judgment that was reversed on appeal. *Id.* at ¶ 20. In *Peters*, the plaintiff did possess opposing expert evidence regarding whether the dirt mounds had slid across the plaintiff's property line.

**{¶21}** Second, the *Peters* plaintiff indicated at the summary judgment stage that it was planning on relying on expert survey evidence, and it actually submitted this evidence to oppose the defendant's motion for summary judgment. *Id.* at ¶ 19. In the instant case, Appellants have provided no survey evidence to contradict Appellee's evidence, but also

have given no indication that they plan to conduct their own survey that might contradict the evidence contained in Appellee's two surveys.

**{¶22}** Third, the Sixth District's comment about whether the homeowner's affidavit (regarding whether the dirt mounds had crossed his property line) was sufficient to rebut the defendant's expert was clearly dicta. *Id.* at ¶ 36. The appellate court had already ruled that the plaintiff's expert evidence was admissible, but then speculated as to whether the plaintiff's affidavit could be treated as evidence regarding the location of his property line even before his own separate survey was conducted. The Sixth District concluded: "[D]espite the fact that appellants had not yet had a separate survey done, we can find nothing to disqualify them from testifying to the boundaries of their own property." *Id.* Since the Sixth District had already decided to reverse the decision to grant of summary judgment on other grounds, this comment was superfluous.

**{¶23}** Fourth, the *Peters* case did not conclude that a homeowner's affidavit about his property line is always sufficient to rebut the opposing party's survey of the property. It concluded that, in the context of the facts and circumstances before it, the homeowner's affidavit could be treated as rebuttal evidence. Obviously, different facts and circumstances may lead to a different conclusion.

**{¶24}** Fifth, the main fact in dispute in *Peters* is not the same type of fact in dispute in the instant case. The *Peters* issue was whether a dirt mound slid across the homeowner's property line, constituting a trespass. In the instant case, the question is the location of a public road that is no longer maintained in order to preserve the right-of-way for a landlocked landowner. Obviously, Appellants need to know more than the location of their property lines to answer this question. They need to know the exact

location of the road. Appellants' own rebuttal evidence shows they do not know the location of the unmaintained section of Crosser Road. They believe that because it had essentially disappeared from view, it no longer legally existed. Appellee established through evidence that the road does legally continue to exist as a public road. Appellants' bold and completely unsupported opinion to the contrary is not evidence.

{¶25} Sixth, Appellant Frank Chestnut's personal conclusion that Crosser Road never ran through his property is contradicted by his own evidence. He could not personally claim that Crosser Road never ran through the Chestnut property because he only obtained the property in 2002. The 1998 plat book page and the 2002 deed he attached to his affidavit reflect that Crosser Road did extend into his property, at least through the edge of his property. Therefore, Frank Chestnut could not rely on his opinion that Crosser Road never crossed his property as rebuttal evidence, particularly since the evidence he attached to his own affidavit contradicts that opinion.

{¶26} The evidence submitted by Appellee regarding the location of Crosser Road was not actually rebutted by Appellants. This record reveals that there was no question of material fact before the trial court still in dispute. Appellee's evidence was sufficient for the trial court to grant summary judgment and to declare the parameters of Crosser Road. The trial court clearly defined the location of the unmaintained portion of Crosser Road as part of its judgment. Therefore, Appellants' assignment of error is without merit and is overruled.

## Conclusion

{¶27} Appellants contend the trial court should not have granted summary judgment to Appellee in this declaratory judgment action. The purpose of the complaint

was to settle the location of an unmaintained portion of Crosser Road in Center Township, Columbiana County. Appellants claim that there are genuine issues of material fact in dispute regarding the existence and location of Crosser Road, which Appellee seeks to use in order to cross Appellants' property to its own property. Appellee submitted two surveys and surveyors' affidavits establishing the location of Crosser Road. Appellants submitted documentation in their attempt to oppose summary judgment, but these documents did not actually contain evidence to rebut the evidence presented by Appellee. Appellant Frank J. Chestnut's affidavit contains mere self-serving conclusions unsupported by evidence, and the documents attached actually support Appellee's contentions. The trial court correctly granted summary judgment to Appellee, and the judgment of the trial court is affirmed.

Hanni, J. concurs.

Dickey, J. concurs.

—————————————

For the reasons stated in the Opinion rendered herein, Appellants' assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs to be taxed against the Appellants.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**